Filed 12/10/13  P. v. Fitz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>RICARDO PADILLA FITZ,<br><br>　　　Defendant and Appellant. | H039535<br>(Santa Clara County<br>Super. Ct. No. CC753856) |

On December 10, 2007, defendant Ricardo Padilla Fitz pleaded no contest to one count of carjacking, 11 counts of robbery and one count each of false imprisonment, carrying a loaded firearm, second degree burglary (Pen. Code, §§ 215, 211, 236, 237, former § 12031, subd. (a) [now § 25850], § 459, 460, subd. (b)), being under the influence of and possession for methamphetamine (Health & Saf. Code, §§ 11550, subd. (e), 11370.1) while armed with a firearm and possession of a short barreled shotgun (former Pen. Code, § 12020, subd. (a)(1) [now § 33215]).  As to a number of these counts, he admitted gang enhancements, personal use of a handgun or that a principal personally used a firearm and/or personal use of a deadly or dangerous weapon.  (*Id*., §§ 186.22, subd. (b), 12022.53, subd. (b), 12022.53, subds. (b), (e)(1), 12022, subd. (b)(1).) Defendant was not charged with strike priors.  On February 29, 2008, the trial court sentenced defendant to a determinate term of 32 years, four months in state prison.  No appeal was ever perfected or prosecuted from the original judgment.

On March 13, 2013, defendant filed a petition in propria persona for recall of sentence under Proposition 36's the Three Strikes Law Reform Act (the Act) of 2012 and Penal Code section 1170.126. On April 4, 2013, the trial court denied relief, finding defendant ineligible for resentencing under the provisions of the Act because he had not been sentenced to a life term under the Three Strikes Law. On April 16, 2013, defendant filed a timely notice of appeal.

On appeal, we appointed counsel to represent defendant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Pursuant to *Serrano*, on July 15, 2013, we notified defendant of his right to submit written argument in his own behalf within 30 days. On July 17, 2013, we received a letter from defendant. Also, while the appeal was pending, defendant filed a motion to replace counsel on appeal. In both his letter and motion, defendant contends that his appointed attorney on appeal is ineffective for failing to raise any issues on appeal, and he objects to having to file a supplemental brief on his own behalf. However, we cannot find that appellate counsel was ineffective for failing to raise an arguable issue on appeal. Appellate counsel sufficiently complied with his duties, as enumerated in *Serrano,* by filing a brief that sets out the applicable facts and the law and informs the court that he has found no arguable issues on appeal. (*Id.*, at p. 503.) Therefore, the motion to replace counsel has no merit and must be denied.

Defendant further contends that there are arguable appellate issues relating to due process violations at the trial court, ineffective assistance of trial counsel and Sixth Amendment violations during the trial court proceedings underlying his original conviction. Even if defendant had described any of these issues with sufficient specificity, defendant's contentions relate to the original judgment of conviction, and not to the postjudgment order on appeal here. Having failed to raise these issues in an appeal from the judgment of conviction, defendant cannot properly raise them now as they are not timely raised in this appeal filed over five years after entry of judgment. Since

2

defendant has failed to identify any arguable issues relevant to the instant appeal, we decline to retain it.

The defendant having failed to raise any arguable issue, we dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The motion to replace appellate counsel is denied.  The appeal is dismissed.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.