Filed 5/5/15  P. v. Hobbs CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041489 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC129407) |
| v. | |
| CHARLES EDWARD HOBBS, | |
| Defendant and Appellant. | |

In 2001 appellant Charles Edward Hobbs pleaded guilty to assault with a deadly weapon (Pen. Code, § 245 subd. (a)(1)), battery with serious bodily injury (Pen Code, §§ 242-243, subd. (d)), attempting to dissuade a witness from reporting a crime (Pen Code, § 136.1, subd. (b)(1)), and false imprisonment (Pen. Code, § 236-237).  He also admitted the he had suffered three prior convictions, including two strike priors.  (Pen. Code, §§ 667, subd (b)-(i), 1170.12).  The trial court sentenced defendant to 25 years to life pursuant to the "Three Strikes" law.  In appeal numbers H026305 and H026884, this court affirmed his conviction.[1]

On August 13, 2014, appellant filed a "Petition for Recall of Sentence Pursuant to California's Penal Code Section 1170.126, Recall of an Illegal Sentence . . . ." (Petition) The Petition for recall of sentence under the Three Strikes Law Reform Act (the Act) and

---

[1] The facts underlying appellant's original conviction are not relevant to this appeal and are, therefore, omitted.

Penal Code section 1170.126 alleged that appellant was eligible for resentencing under the Act, and also that his sentence was unlawful pursuant to *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*). On August 15, 2014, the trial court denied the Petition, finding the appellant ineligible for re-sentencing under the provisions of the Act because his current offense, assault with a deadly weapon, was a serious felony. (Pen. Code, § 1170.126, subd. (e)(1).) The trial court construed the portion of the petition pursuant to *Vargas* as a petition for writ of habeas corpus and denied it. On September 5, 2014, appellant filed a timely notice of appeal challenging both the denial of his resentencing petition pursuant to Penal Code section 1170.126, and the court's decision to treat his "sentence recall" pursuant to *Vargas* as a petition for writ of habeas corpus.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*)), which states the case and the facts but raises no specific issues.

Pursuant to *Serrano,* on December 29, 2014, we notified appellant of his right to submit written argument in his own behalf within 30 days. On January 28, 2015, we received a supplemental brief from appellant.[2] In his brief, appellant contends that he received ineffective assistance of appellate counsel in the appeal from his conviction, that the prior strikes should have been stricken by the trial court and/or correctly challenged in his direct appeal. To the extent these claims were not raised and resolved in his direct appeal, they are not timely or properly raised in a petition to recall pursuant to Penal Code section 1170.126.

Appellant further contends that the trial court erred in not considering his prior strike convictions along with his current offense in determining his eligibility for resentencing under the act. This assertion is inconsistent with the express terms of Penal

---

[2] Along with his supplemental brief, appellant submitted a Petition for Writ of Mandate, H042239. That matter will be disposed of separately.

2

Code section 1170.126 which excludes offenders whose current offense is a serious felony as defined by Penal Code section 1170.126, subdivision (e)(1).

Finally, appellant contends that if his petition was improperly presented, the trial court should have returned it to him instead of deeming it a petition for writ of habeas corpus. Appellant does not dispute that an order denying a petition for writ of habeas corpus is not an appealable order. However, he urges us to treat the appeal from the denial of the habeas as a writ of mandate. Because he has concurrently filed a Petition for Writ of Mandate, we need not do that. The question of whether the trial court abused its discretion by not giving him the opportunity to amend his petition, although improperly raised in this appeal, can be resolved in the writ proceeding. As nothing in appellant's brief raises an arguable issue on appeal, and we must dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

**DISPOSITION**

The appeal is dismissed.

_____
                    RUSHING, P.J.




WE CONCUR:




_____
        PREMO, J.




_____
        ELIA, J.