Filed 9/22/15  P. v. Pham CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KY MINH PHAM,<br><br>    Defendant and Appellant. | H041376<br>(Santa Clara County<br>Super. Ct. No. 193728) |

Over 17 years ago, on September 25, 1996, appellant Ky Minh Pham and a number of accomplices entered an open garage and used force to take or attempt to take money and jewelry from multiple victims.  According to the trial court's order, he was convicted of aggravated robbery and attempted robbery (Pen. Code, §§ 213, subd. (a)(1), §664),[1] dissuading a witness (§ 136.1), and two counts of felony false imprisonment (§§ 236/237), all with firearm enhancements (§ 12022.5, subd (a)(1).)  No prior convictions were alleged, proven, or used to enhance his sentence under sections 667, subdivisions (b)-(i) or section 1170.12 or any other provision of law.

On August 1, 2014, appellant filed a motion for resentencing. He argued that the recent Supreme Court decision in *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*) applied to his case, and that pursuant to *Vargas* the trial court was required to dismiss one

---

[1]  All future statutory references are to the Penal Code unless otherwise specified.

of his two prior convictions. On August 6, 2014 the court denied the motion. Reciting the charges underlying his conviction, the trial court concluded "the rule of *Vargas* has no bearing on the sentence imposed in this case, and this court has no jurisdiction to modify a sentence more than 120 days after it was imposed. [Citation.]" On August 20, 2014, appellant timely filed a notice of appeal from the order denying his motion.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), which states the case but raises no specific issues. We note that counsel failed to include any facts regarding the underlying crime, contending that none were included in the record.

Pursuant to *Serrano*, on September 30, 2014, we notified appellant of his right to submit written argument in his own behalf within 30 days. On October 14, 2014, we received a supplemental brief from appellant. In his brief, appellant asks to "dismiss his appeal without prejudice at this time" in order to allow him time to seek professional assistance. He does not, however, wish to abandon his appeal.

Although pursuant to *Serrano* we are not required to do so, we reviewed the record to extrapolate some facts about the underlying crime. In so doing, we noticed discrepancies in the record; a fact that appellate counsel failed to note. On January 27, 2015, this court, on its own motion, ordered the record corrected or augmented to resolve the inconsistencies in the record. On June 30, 2015, we received a supplemental clerk's transcript. After review of this supplemental transcript, we have concluded that any inconsistencies in the record are not relevant to the instant appeal. In the nearly one year that has elapsed since appellant's supplemental brief, he has failed to "seek professional assistance," and we decline to dismiss his case without prejudice. As nothing in defendant brief or the record raises an arguable issue on appeal, we must dismiss the appeal with prejudice.

## DISPOSITION

The appeal is dismissed.

_____

RUSHING, P. J.

WE CONCUR:

_____

    ELIA, J.

_____

    WALSH, J.[*]

*People v. Pham*
**H041376**

---

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4