Filed 2/8/16  P. v. Garcia CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042468 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C9803123) |
| v. | |
| JOSE GARCIA, | |
| Defendant and Appellant. | |

Appellant Jose Garcia was convicted after jury trial of forcible rape, forcible sodomy, two counts of penetration by a foreign object, felony sexual battery, and possession of cocaine. (Pen. Code, §§ 261, subd. (a)(2); 288a, subd. (c); 289, subd. (a); 243.4, subd. (c); Health & Saf. Code, § 11350, subd. (a).)  Based on the "One-Strike" law (Pen. Code § 661), on May 10, 1999 he received a 25 to life sentence on the rape charge and a two year term on the cocaine possession charge, with the remaining counts to run concurrently.  In appeal number H020041, appellant claimed that reversal was warranted because the trial court made evidentiary and instructional errors.  On December 14, 2000, this court affirmed his conviction.  Thereafter, appellant filed multiple requests for post conviction relief in both the state trial court and in federal court, arguing, in part, that he had received ineffective assistance of trial counsel and that the $10,000 restitution fine was unauthorized.  All of his requests for relief have been denied.

On April 27, 2015, Mr. Garcia filed a new motion asking that the trial court to grant him a hearing to dispute the amount of restitution ordered in his case under Penal Code section 1202.4, subd. (d)(1). On May 1, 2015, the trial court denied the motion in a written order, noting the lack of relevance of Penal Code section 1202.4, subd. (d)(1), which refers to victim restitution, not restitution fines, the fact that prior challenges to the restitution fines had been made and denied, the lack of timeliness of the motion, and the lack of jurisdiction to modify the restitution fines. The court characterized appellant's repeated filings raising the same issue as an abuse of process.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), which states the case and the facts but raises no specific issues. Pursuant to *Serrano,* on October 2, 2015 we notified appellant of his right to submit written argument in his own behalf within 30 days. On November 9, 2015, we received a supplemental brief from appellant. In his supplemental brief, the appellant again argues that he received ineffective assistance of trial counsel based on counsel's failure to challenge the restitution fine and based on appellate counsel's failure to raise the issue in his original appeal. He further claims that the restitution fine of $10,000 was excessive and the trial court erred in imposing this fine without considering his ability to pay. He argues that unauthorized and/or unlawful sentencing errors may be raised at any time. As the trial court noted, appellant has raised these issues many times without success. In his supplemental brief, he fails to show any error by the trial court in denying his current motion.

Finally, appellant requests that this court order production of jury selection proceedings. To the extent appellant has complaints about the composition of the jury, that issue is not properly raised in an appeal from a post-judgment motion. If he wishes to request transcripts to support a new petition for habeas corpus, he must make that request in conjunction with such a petition, and not as part of a supplemental brief in this

2

appeal.  As nothing in appellant's supplemental brief raises an arguable issue on appeal, we must dismiss the appeal.  (*Serrano, supra,* 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

_____

RUSHING, P.J.

WE CONCUR:


_____

PREMO, J.


_____

ELIA, J.