[No. H036373. Sixth Dist. Nov. 28, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
AMADOR SERRANO, Defendant and Appellant.

COUNSEL

Meredith Fahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Karen Z. Bovarnick, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

RUSHING, P. J.—Defendant Amador Serrano, a permanent resident of the United States, currently faces deportation as a result of a conviction he sustained in 2007. He appeals from an order entered by the trial court denying his motion to vacate the conviction. On appeal, his counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839] (*Wende*). Because this appeal was not defendant's first appeal of right, but a subsequent appeal from a postjudgment proceeding, we asked counsel to brief the question of whether defendant was entitled to the benefit of the *Wende* procedure. We now conclude that because this is an appeal from a postconviction proceeding, defendant is not entitled to *Wende* review. Consequently, we dismiss the appeal as abandoned.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2004, defendant pleaded no contest to one count of burglary of a vehicle (Pen. Code, §§ 459, 460, subd. (b)), one count vandalism (Pen. Code, § 594, subds. (a), (b)(1)), one count of exhibiting a deadly weapon other than a firearm (Pen. Code, § 417, subd. (a)(1)), and one count of using or being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a).) The court suspended imposition of sentence and placed defendant on three years' formal probation on the condition he serve 364 days in the county jail.

In 2006, defendant pleaded no contest to a new count of second degree robbery with personal use of a deadly weapon (a knife). (Pen. Code, §§ 211–212.5, subd. (c), 12022, subd. (b)(1).) The court again suspended imposition of the sentence and placed defendant on one year of formal probation. In 2007, after defendant violated his probation, the trial court imposed the previously suspended sentence, ordering defendant to serve three years in prison on the 2004 case concurrent to two years for the 2006 case. In August 2007, defendant filed a notice of appeal from the judgment. After the record was filed but before he filed his opening brief, defendant voluntarily dismissed his appeal.[1]

In 2009, after defendant had served his state prison time, the federal government instituted deportation proceedings. On August 5, 2010, defendant filed a motion to vacate his conviction in the trial court. In his motion, defendant argued that his plea was not voluntary and intelligent because (1) the court failed to render Penal Code section 1016.5 advisements; (2) defendant did not fully understand the consequences of his pleas; and (3) trial counsel rendered ineffective assistance by failing to advise and defend appellant against immigration consequences. The trial court reviewed the transcript from defendant's change of plea hearing, concluded that defendant received a "thorough immigration advisement," and, on that ground, denied his motion. The instant appeal ensued.

On appeal, appointed counsel filed an opening brief which states the case and the facts but raises no specific issues. We notified defendant of his right to submit written argument in his own behalf within 30 days, but received nothing from defendant. During our independent review of the case pursuant to *Wende*, we noted that defendant had previously filed an appeal in this court. We asked appellate counsel to brief the question of whether this court was required to conduct a *Wende* review where the appeal originates from a postconviction proceeding and not a first appeal of right.[2] We have received responses from all counsel and now consider the issues before us.

### DISCUSSION

While the federal Constitution does not afford the right to an appeal from a criminal conviction, the state of California has afforded that right to criminal

---

[1] On our own motion, we have taken judicial notice of our record in *People v. Serrano* (Nov. 21, 2007, H031863) (app. dism.).

[2] This court asked counsel to respond to the following questions: (1) In an appeal from the denial of a statutory motion to vacate pursuant to Penal Code section 1016.5, where appellant's counsel does not identify an arguable issue in appellant's opening brief, must the court conduct its own independent review of the record in accordance with *People v. Wende, supra*, 25 Cal.3d 436? (2) If *Wende* review is not required in this procedural posture, should the appeal be dismissed as abandoned, or is another alternative procedure more appropriate?

defendants. (*In re Sade C.* (1996) 13 Cal.4th 952, 966 [55 Cal.Rptr.2d 771, 920 P.2d 716]; Pen. Code, §1237.) "Having provided criminal defendants with an appeal as a matter of right, [California] must provide indigent defendants with the assistance of counsel on appeal . . . ." (*People v. Kelly* (2006) 40 Cal.4th 106, 117 [51 Cal.Rptr.3d 98, 146 P.3d 547] (*Kelly*).) In *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396] (*Anders*), the United States Supreme Court considered "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." (*Id.* at p. 739.) The court held that an appointed counsel's "no-merit letter" in a criminal appeal was insufficient to protect an indigent defendant's constitutional right to effective assistance of appellate counsel. (*Id.* at pp. 743–745.) The high court set forth a review procedure to protect that right. (*Id.* at p. 744.) In *Wende*, the California Supreme Court "approved a modified procedure to ensure an indigent criminal defendant's right to effective assistance of counsel." (*Kelly, supra,* 40 Cal.4th at p. 118.) The court interpreted *Anders* and the constitutional right to assistance of counsel to require the appellate court to conduct an independent review of the record "when counsel is unable to identify any arguable issue on appeal." (*Id.* at p. 119.) In *Smith v. Robbins* (2000) 528 U.S. 259, 276 [145 L.Ed.2d 756, 120 S.Ct. 746], the United States Supreme Court upheld California's modified *Wende* procedure as an adequate alternative to *Anders* in a first appeal of right.

 Since these decisions, courts have considered the question of whether *Anders/Wende* procedures are required in other types of appeals where counsel is appointed. Both the United States Supreme Court and the California Supreme Court have concluded that due process does not require *Anders/Wende* review other than in the first appeal of right from a criminal conviction. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536–537 [53 Cal.Rptr.3d 856, 150 P.3d 738].) In *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539, 107 S.Ct. 1990] (*Finley*) a defendant petitioned for postconviction relief. Pursuant to Pennsylvania state law, the court appointed counsel to represent the defendant in the postconviction proceedings. Appointed counsel found no arguable issues and sought to withdraw. The trial court conducted an independent review of the record, agreed that there were no arguable issues and dismissed the petition. The Pennsylvania Superior Court held that appointed counsel had violated the defendant's constitutional rights by failing to follow the procedures set forth in *Anders*. (*Id.* at p. 553.) In its majority opinion, the United States Supreme Court reversed the state court, holding that "*Anders* established a prophylactic framework that is relevant when, and only when, a litigant has a previously established *constitutional* right to counsel." (*Id.* at p. 555, italics added.) The court ruled that the constitutional "right to appointed counsel extends to the first appeal

of right, and no further." (*Id.* at p. 555.) In a postconviction proceeding, the court reasoned, "access to a lawyer is the result of the State's decision, not the command of the United States Constitution." (*Id.* at p. 556.) If a defendant "has no underlying constitutional right to appointed counsel . . . [he] has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right." (*Id.* at p. 557; see *Conservatorship of Ben C., supra,* 40 Cal.4th at pp..536–537.) Therefore, the court refused to extend *Anders* procedures to the state-created right to counsel on postconviction review. (*Finley, supra,* 481 U.S. at pp. 555, 556.)

█ The California Supreme Court has relied on *Finley* to restrict the availability of *Anders/Wende* review in a multitude of contexts. When addressing the contention that *Anders/Wende* should apply to appeals in juvenile dependency and conservatorship cases, the court has held that due process does not mandate extending these procedures beyond the first appeal of right in a criminal prosecution. (*Conservatorship of Ben C., supra,* 40 Cal.4th at p. 539; *In re Sade C., supra,* 13 Cal.4th 952, 987–991; see *People v. Thurman* (2007) 157 Cal.App.4th 36, 45–47 [68 Cal.Rptr.3d 425].) The appeal before us, although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction. That appeal was filed and dismissed in 2007 and the conviction "has long since become final." (*Finley, supra,* 481 U.S. at p. 555.) While the State of California affords defendant the right to appointed counsel in an appeal from a postconviction motion to vacate judgment, that right is a state-created right not a constitutional one. (*Id.* at pp. 555, 556.)[3] Because he has no constitutional right to counsel in an appeal from an order denying a postjudgment motion to vacate judgment, he is not entitled to *Anders/Wende* review when appointed counsel finds no arguable issues on appeal. (*Conservatorship of Ben C., supra,* 40 Cal.4th at pp. 536–537, citing *Finley, supra,* 481 U.S. at p. 557.)

We recognize that juvenile dependency appeals and conservatorships are much more attenuated from a criminal first appeal of right than an appeal from a postjudgment order denying a motion to vacate judgment. The latter is still an appeal in a criminal context. While the California Supreme Court has not specifically considered the availability of *Anders/Wende* review in a postconviction collateral attack on a judgment, the United States Supreme Court's decision in *Finley* is squarely on point. There, as in the case before us, the defendant was attacking her conviction collaterally, long after it was final. In its analysis of *Finley,* the California Supreme Court has recognized and relied on the high court's restriction of *Anders* review to the " '*first appeal of right*' " in a criminal prosecution. (*Conservatorship of Ben C., supra,* 40 Cal.4th at p. 537, italics added; see *In re Sade C., supra,* 13 Cal.4th

---

[3] See generally Penal Code section 1240, subdivision (a).

at pp. 987–991.) The weight of both United States Supreme Court and California Supreme Court authority compels us to do the same.

■ The California Supreme Court recognized a parallel in the compelling liberty interests between criminal appeals and dependency or conservatorship appeals, but concluded that *Anders/Wende* review is not a necessary protection for the latter. To reach this conclusion, the court balanced three factors: " '(1) the private interests at stake; (2) the state's interests involved; and (3) the risk that the absence of the procedures in question will lead to an erroneous resolution of the appeal.' " (*Conservatorship of Ben C., supra*, 40 Cal.4th at p. 539; see *In re Sade C., supra*, 13 Cal.4th at pp. 987–991.) In both the dependency and conservatorship contexts, the court found that because of a "panoply of safeguards" afforded to the appellants, the absence of the *Anders* procedures would not significantly raise the risk of an erroneous appellate resolution. (*Conservatorship of Ben C., supra*, 40 Cal.4th at p. 543; see *In re Sade C., supra*, 13 Cal.4th at pp. 990–991.) The court ruled that "Procedures that are practically 'unproductive . . .' . . . need not be put into place, no matter how many and how weighty the interests that theoretically support their use." (*In re Sade C., supra*, 13 Cal.4th at pp. 990–991; see *Conservatorship of Ben C., supra*, 40 Cal.4th at p. 539.)

Balancing the interests in this case compels a similar result. Here we have a criminal defendant who faces dire consequences should the underlying judgment not be vacated. As the U.S. Supreme Court recently recognized in *Padilla v. Kentucky* (2010) 559 U.S. 356 [176 L.E.2d 284, 130 S.Ct. 1473] (*Padilla*) deportation is a particularly severe penalty directly related to the criminal process. (*Id.* at p. ___ [130 S.Ct. at p. 1481].) Because he faces an additional severe penalty as a result of his underlying conviction, defendant's interest in a just appellate resolution is, without dispute, of a "weighty" nature. (*In re Sade C., supra*, 13 Cal.4th at pp. 990–991; see *Conservatorship of Ben C., supra*, 40 Cal 4th at p. 539.)

On the other hand, defendant's conviction has long been final and his sentence served. Although he chose to dismiss his first appeal of right, he could have obtained a review of his conviction had he so chosen. In each appeal, he has been afforded the right to appointed counsel, and each of those counsel were supervised by this district's appellate project. (*In re Sade C., supra*, 13 Cal.4th at p. 990.) Given the multitude of protections already afforded defendant, the risk of erroneous appellate resolution without *Wende* review for a collateral[4] attack on the judgment is minute.

---

[4] While we recognize that the *Padilla* court found that deportation is not a *collateral consequence* of a criminal conviction, we distinguish that court's use of the term "collateral" from the *Finley* court's discussion of postconviction proceedings which are "collateral" in relation to the judgment of conviction. (*Finley, supra*, 481 U.S. at p. 567 (dis. opn. of

■ Any such minute risk is also outweighed by important state interests, including securing a just appellate resolution, reducing procedural costs and burdens, and concluding the proceedings both fairly and expeditiously. (*In re Sade C., supra*, 13 Cal.4th at pp. 989–990; *Conservatorship of Ben C., supra*, 40 Cal.4th 529, 539.) In these times of decreasing judicial budgets and the resulting overall reduction in public access to justice, these interests cannot be understated. *Wende* appeals currently account for between 11 and 22 percent of this court's monthly case load. While there is no current estimate for what proportion of these appeals arise from first appeals of right, versus other appeals, we have noted a steady increase in the number of *Wende* appeals filed in appeals other than the first appeal of right. The judicial resources expended to conduct an independent review in each of these cases are innumerable, and relative to the incidence of reversal in these cases, wholly unproductive and a waste of scarce judicial resources. Where a defendant has been afforded all the constitutional protections of a first appeal of right, including the right to *Wende* review where appropriate, we find that he is not entitled to *Anders/Wende* procedures in subsequent appeals, including collateral attacks on the judgment. The extension of *Anders/Wende* is thus not required. (*Conservatorship of Ben C., supra*, 40 Cal.4th at p. 543.)

■ Having concluded that defendant is not entitled to *Wende* review, we will adopt the procedure described by the Supreme Court in *Conservatorship of Ben C.* to resolve the appeal. (*Conservatorship of Ben C., supra*, 40 Cal.4th at p. 544.) In all future criminal appeals arising from proceedings other than the first appeal of right, where appointed counsel finds no arguable issues, counsel need not and should not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion. Upon receipt of the brief from counsel, the court will inform defendant of his right to file a supplemental brief. The court will then either retain the appeal or dismiss it on our own motion. (*Ibid.*)

In this case, the *Wende* brief filed by counsel complies with the above requirement. Subsequent to the filing of the *Wende* brief, we informed

Brennan, J.), see *Padilla, supra*, 559 U.S. at p. ___ [130 S.Ct. at p. 1481].) Even though defendant's deportation may not be a collateral consequence under *Padilla*, his motion to vacate judgment was a proceeding collateral to the original judgment under *Finley*. *Padilla* holds that he was entitled, under the Sixth Amendment, to effective assistance of counsel in regards to the original immigration advisement. However, this holding does not transform his state right to appellate counsel in the postjudgment appeal to a constitutional right to counsel, even though the underlying grounds for the postconviction proceedings are grounded in a claim of ineffective assistance of counsel for failure to advise of immigration consequences. (*Padilla, supra*, 559 U.S. at p. ___ [130 S.Ct. at p. 1481].)

defendant of his right to file a supplemental brief and he has not filed anything with this court. Therefore, we will dismiss the appeal as abandoned.[5]

## DISPOSITION

The appeal is dismissed as abandoned.

Premo, J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 13, 2013, S207891.

---

[5] Because we dismiss the appeal on the grounds discussed, we need not address any additional arguments raised by the Attorney General for the first time in her supplemental brief, including but not limited to the contention that defendant was required to seek a certificate of probable cause for this appeal. (See *People v. Castro-Vasquez* (2007) 148 Cal.App.4th 1240, 1243 [56 Cal.Rptr.3d 406]; *People v. Gontiz* (1997) 58 Cal.App.4th 1309, 1312 [68 Cal.Rptr.2d 786], disapproved on another ground in *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 199, fn. 8 [96 Cal.Rptr.2d 463, 999 P.2d 686].)