Filed 6/19/15  P. v. Watts CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041302 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 169048) |
| v. | |
| ANDREW BRIAN WATTS, | |
| Defendant and Appellant. | |

On December 15, 1980, appellant Andrew Brian Watts went into a psychotic rage at his parents' home and strangled his father to death. He did not believe his father was dead, so to slow his father down, he cut off his legs with a knife and a machete and poured sugar on his body, believing it was cyanide. Later, he stole his father's van and drove to Salt Lake City, Utah. He was arrested in Utah on December 18, 1980. Appellant has always maintained that the person he murdered was not his father, but a duplicate of his father. Appellant was found not guilty by reason of insanity and committed to the state hospital system.

In 1993, while released to an outpatient treatment program, appellant became combative and assaulted several police officers. He thought the police officers were going to take him to South San Francisco to nail him on the cross. According to appellant, Jesus is also nailed on the cross in South San Francisco. He was charged with assault and battery, found not guilty by reason of insanity, and again committed to the

state hospital system. He was diagnosed with Schizophrenia, paranoid type, and polysubstance dependence. Appellant has been in and out of the state hospital system and the community release program since that time.[1]

On March 11, 2014, the Santa Clara County District Attorney's Office filed a petition seeking to extend appellant's commitment for an additional two years pursuant to Penal Code sections 1026 and 1026.5. On July 18, 2014, appellant and his attorney waived his right to a jury trial. At the ensuing court trial, appellant's treating physician testified about appellant's mental health issues, including his ongoing delusions and his refusal to acknowledge that he suffers from a mental disorder. She also testified that appellant does not understand the connection between his mental disorder and his crimes, nor does he acknowledge that he murdered his father. She also stated that if appellant were not under court order to take his medications, he would not do so because of the side effects of the drugs, and because he does not believe he needs them. Based on her knowledge of appellant's treatment history and her personal experience with appellant, she concluded that if he were not medicated and came under stress, he would be at a high risk for acting on his delusional beliefs and would be a danger to others. As a result, she did not believe appellant was suitable for release (conditional or unconditional) at this time.

At trial, appellant testified on his own behalf. He denied suffering from mental illness and stated that he had the resources to be unconditionally released from the

---

[1] The factual recitation here is limited to the facts necessary to dispose of this appeal pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). On the court's own motion, we take judicial notice of *People v. Watts* (April. 29, 2014, H040019) [nonpub. opn.] and *People v. Watts* (Aug. 29, 2013, H038825) [nonpub. opn.], where this court considered appeals by appellant from earlier recommitment proceedings related to the 1993 assault. (Santa Clara County Superior Court No. 169048.) We also take judicial notice of *People v. Watts* (Dec. 16, 2010, H035049) [nonpub. opn.], an appeal by appellant from an earlier recommitment proceeding relating to the homicide of his father. (Santa Clara County Superior Court No. 78100.) A more complete recitation of the factual and procedural background appears in those appeals.

hospital. During his testimony, he stated that Andrew Watts had been killed at Napa State Hospital by three doctors, and that he was actually Andrew Mathew, someone with some of the memories of Andrew Watts. Appellant explained that Andrew Watts was his father and that appellant had come to the hospital to investigate who had killed his father. On cross-examination, he testified that Andrew Watts had been framed by his uncle, Larry Watts, for the death of Paul Watts (appellant's brother), but that Paul Watts was actually still alive. Appellant further stated that he could travel through time, and that there was another parallel timeline where he was serving with the marines in Afghanistan.

On July 22, 2014, the trial court found that appellant was subject to continued commitment and ordered his commitment extended to September 16, 2016. Appellant filed a timely notice of appeal on August 4, 2014.

We appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *Serrano*, *supra*, 211 Cal.App.4th 496, which states the case and the facts but raises no specific issues. Pursuant to *Serrano,* on February 27, 2015, we notified appellant of his right to submit written argument in his own behalf within 30 days. On March 30, 2015, we received a supplemental brief from appellant. In his supplemental brief, appellant contends the recommitment petition was not supported by substantial evidence because (1) there was no evidence of his dangerousness, and (2) the court was biased in determining his identity, his convictions and the allegations against him. He also requests permission to submit additional evidence of his claims regarding his identity. Finally, he argues that there is exculpatory evidence available in the Andrew Watts case.

Appellant does not explain why the testimony of the treating psychologist regarding his dangerousness is insufficient to support the order. This testimony and appellant's own testimony provided ample evidence to support the order of recommitment. Additional evidence regarding his identity and exculpatory evidence

3

relating to his underlying conviction are not relevant to *this* appeal, which is an appeal from an order of recommitment. Finally, appellant fails to point to any specific act of bias by the trial court. The court's acceptance of the appellant's identity as Andrew Watts does not demonstrate bias. Nothing in appellant's brief raises an arguable issue on appeal from the order of recommitment. (*People v. Kelly* (2006) 40 Cal.4th 106.) Therefore, we decline to retain the case.

The appellant having failed to raise any arguable issue on appeal, we shall dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## **Disposition**

The appeal is dismissed.

_____

                                        MÁRQUEZ, J.

WE CONCUR:



_____

ELIA, ACTING P.J.




_____

WALSH, J. [*]




---

[*]Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.