Filed 12/7/15  P. v. Snyder CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRADLEY WILLIAM SNYDER,<br><br>    Defendant and Appellant. | H042197<br>(Santa Clara County<br>Super. Ct. No. 184858) |

On December 5, 2014, appellant, Bradley Snyder, acting in propria persona, filed a petition for resentencing and for reduction to misdemeanor pursuant to Proposition 47. (Pen. Code, § 1170.18, subds (a) & (f).)  Appellant sought resentencing and reduction of his 1999 first degree burglary conviction to a misdemeanor.  (Pen. Code, §§ 459/460, subd. (a).)

On December 10, 2014, the trial court denied the petition.  The order held that appellant's prior conviction for first degree residential burglary is not eligible for the relief sought under Proposition 47 because his offense—first degree burglary—is not one of the eligible offenses enumerated in Proposition 47.  (Pen. Code, § 1170.18.)

On February 17, 2015, appellant filed a timely notice of appeal, but erroneously sought to challenge a motion to suppress evidence related to his trial resulting in the burglary conviction.  The trial court notified appellant that the notice of appeal was untimely, as it pertained to an order entered on February 3, 1999.

On March 6, 2015, appellant filed another petition seeking relief under Penal Code section 1170.18. The trial court denied this petition on March 12, 2015, based on the same reasons set forth in its December 10, 2015 order. Appellant filed a notice of appeal from the March 12, 2015 order. On April 14, 2015, appellant filed an amended notice, properly indicating that the appeal was from an order entered after final judgment.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), which states the case and the facts but raises no specific issues.

Pursuant to *Serrano,* on August 17, 2015 we notified appellant of his right to submit written argument in his own behalf within 30 days. On August 28, 2015, we received a supplemental appellant's brief from appellant. In his supplemental brief, the appellant states that he seeks to appeal "the final judgment of his jury conviction for first degree burglary, resisting arrest," and "challenges the trial court's illegal denial of the petition for resentencing under Proposition 47, based on the facts, the evidence in just the case alone, also there is material exculpatory evidence . . . ." Appellant complains that he did not receive a fair suppression motion pursuant to Penal Code section 1538.5. Appellant further alleges that the prosecution withheld material exculpatory evidence during his original trial. Evidence from the original trial, even if exculpatory or withheld, is neither a basis for a petition for resentencing pursuant to Proposition 47, nor relevant to an appeal there from.

Proposition 47, the "Safe Neighborhoods and Schools Act," reduces enumerated theft and drug felonies to misdemeanors and also establishes a resentencing mechanism for inmates currently in custody on such offenses. The trial court correctly determined that appellant is not eligible for resentencing on his first degree burglary conviction pursuant to the initiative. Any issues raised by appellant in the instant appeal that relate to his original conviction are untimely. As nothing in appellant's supplemental brief

2

raises an arguable issue on appeal, we must dismiss the appeal.  (*Serrano, supra,* 211

Cal.App.4th at pp. 503-504.)

## **DISPOSITION**

The appeal is dismissed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.