Filed 12/18/15  P. v. Soja CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JEANNE MARIE SOJA,<br><br>     Defendant and Appellant. | H042545<br>(Monterey County<br>Super. Ct. No. SS031482) |

On May 20, 2004, an amended information was filed in Monterey County Superior Court charging appellant and codefendants with one count of murder (Pen. Code, § 187, subd. (a)) with special allegations as to each defendant that he or she had personally used a deadly and dangerous weapon (Pen. Code, § 12022, subd. (b)), with one count of kidnapping (Pen. Code, § 207, subd. (a)),  one count of child endangerment (Pen. Code, § 273a, subd. (a)), one count of transportation or sale of methamphetamine. (Health & Saf. Code, § 11379), and one count of voluntary manslaughter.  (Pen. Code, § 192, subd. (a).)  Appellant pled guilty to all counts except the murder count, which was dismissed in furtherance of justice.  On September 3, 2004, appellant was sentenced to serve 16 years in prison.

On March 12, 2015, appellant filed a petition for recall of sentence and resentencing pursuant to Proposition 47.  (Pen. Code, § 1170.18.)  The district attorney opposed the petition.

On April 3, 2015 the trial court denied the petition, because Health and Safety Code section 11379 was not eligible for resentencing under Proposition 47. On May 21, 2015, appellant filed a timely notice of appeal.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), which states the case and the facts but raises no specific issues. Pursuant to *Serrano,* on October 1, 2015 we notified appellant of her right to submit written argument in her own behalf within 30 days. On October 22, 2015, we received a supplemental brief from appellant. In her supplemental brief, the appellant argues that she is entitled to relief under Proposition 47 because she has served the majority of her sentence on the other non-drug crimes charged and because there was no evidence or factual basis to support the conviction for sale or transportation for sale of methamphetamine. (Health & Saf. Code, § 11379.)

Proposition 47, the "Safe Neighborhoods and Schools Act," reduces specified theft and drug felonies to misdemeanors and also establishes a resentencing mechanism for inmates currently in custody on such offenses. The trial court correctly determined that appellant's conviction for violation of Health and Safety Code section 11379 is not eligible for resentencing. Any issues related to the sufficiency of the evidence for the original conviction are untimely and not properly raised in an appeal from an order denying a petition for resentencing pursuant to Proposition 47. As nothing in appellant's supplemental brief raises an arguable issue on appeal, we must dismiss the appeal. (*Serrano, supra,* 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

2

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.