Filed 5/26/16  P. v. Watts CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042792 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 78100) |
| v. | |
| ANDREW BRIAN WATTS, | |
| Defendant and Appellant. | |

On December 15, 1980, appellant Andrew Brian Watts went into a psychotic rage at his parents' home and strangled his father to death.  He did not believe his father was dead, so to slow his father down, he cut off his legs with a knife and a machete and poured sugar on his body, believing it was cyanide.  Later he stole his father's van and drove to Salt Lake City, Utah.  He was arrested in Utah on December 18, 1980.

Appellant has always maintained that the person he murdered was not his father, but a duplicate of his father.  Appellant was found not guilty by reason of insanity and committed to the state hospital system.  He was diagnosed with Schizophrenia, paranoid type, and polysubstance dependence.  Appellant has been in and out of the state hospital system and the community release program since that time.[1]

---

[1] The factual recitation here is limited to the facts necessary to dispose of this appeal pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  On the court's own motion, we take judicial notice of *People v. Watts* (June 19, 2015, H041302)

On January 8, 2015, the Santa Clara County District Attorney's Office filed a petition seeking to extend appellant's commitment for an additional two years pursuant to Penal Code sections 1026 and 1026.5. Appellant's jury trial began on August 24, 2015.

At trial, the district attorney called a number of witnesses, including medical professionals with past and current knowledge of defendant's mental disorder and treatment. The general consensus of those testifying was that appellant continues to suffer from delusions which have an aggressive and violent flavor to them and are intensifying, that appellant represents a substantial risk of physical harm to others, and that he believes he does not need medication. Appellant's treating psychiatrist testified that appellant is currently the subject of an order to involuntarily medicate him, that he continues to object to that order, and is unlikely to follow through with medication and treatment if released.

At trial, appellant testified on his own behalf. He denied suffering from mental illness but acknowledged that psychiatric treatment can be valuable to people who are not psychotic and so whether or not he actually needs psychiatric treatment he has found the treatment beneficial. He asked to be released unconditionally without supervision. During his testimony, he denied that he was Andrew Watts, but instead was Andrew Mathew, the son of Andrew Watts who had been killed. He claimed to share memories with Andrew Watts. He testified that Watts had killed Paul Watts in order to stop the rain forest in Oregon from being set on fire. He needed to get to Oregon to try and stop it.

---

[nonpub. opn.] and *People v. Watts* (Aug. 29, 2013, H038825) [nonpub. opn.], where this court considered appeals by appellant from earlier recommitment proceedings related to the 1993 assault. (Santa Clara County Superior Court No. 169048.) We also take judicial notice of *People v. Watts* (April. 29, 2014, H040019) [nonpub. opn.], *People v. Watts* (Dec. 16, 2010, H035049) [nonpub. opn.], appeals by appellant from earlier recommitment proceedings in this case. (Santa Clara County Superior Court No. 78100.) A more complete recitation of the factual and procedural background appears in those appeals.

On August 26, 2015, the jury returned a verdict finding that appellant continued to qualify as an NGI (not guilty by reason of insanity). Appellant filed a timely notice of appeal.

We appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *Serrano*, *supra*, 211 Cal.App.4th 496, which states the case and the facts but raises no specific issues. Pursuant to *Serrano,* on February 5, 2016, we notified appellant of his right to submit written argument in his own behalf within 30 days. On February 26, 2016, we received a supplemental brief from appellant. In his supplemental brief, appellant again explains that he is not Andrew Watts, but that he is Andrew Mathew, whose mind is linked to Andrew Watts by virtue of self-hypnosis. He contends that his name changed several times during his life and that he was born Michael Johnson, and is of Sioux dissent. He states that his finger prints are different from Andrew Watts.

He also contends that Andrew Watts is not guilty of the crime. He requests a new trial and asks that the evidence be reexamine do with modern forensics. He argues that the severed legs are not those of his father and that the DNA will not match.

Nothing in appellant's brief raises an arguable issue on appeal from the order of recommitment. (*People v. Kelly* (2006) 40 Cal.4th 106.) Therefore, we decline to retain the case. The appellant having failed to raise any arguable issue on appeal, we shall dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

3

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

*People v. Watts*
**H042792**

4