Filed 1/12/21  P. v. Ellis CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306403 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA037132) |
| v. | |
| BENJAMIN FREDERICK ELLIS, | |
| Defendant and Appellant. | |

THE COURT:

In 1998, defendant Benjamin Frederick Ellis was convicted of one count of criminal threats and two counts of false imprisonment.  The jury also found the strike priors to be true.  The trial court sentenced him to 50 years to life in prison.

On April 27, 2020, defendant filed a motion to modify his sentence, and the trial court denied it.  Defendant filed a timely notice of appeal.

Appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496.

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano*, *supra*, 211 Cal.App.4th at p. 503.)  However, we do review any contentions or arguments made if the defendant files his or her own supplemental brief or letter, as was done here.  (*People v. Cole*, *supra*, at p. 1039.)

We are not convinced by the arguments raised in defendant's supplemental brief.  Without any evidence, defendant contends that his constitutional rights were violated because he was unable to confront his accusers or be permitted to testify.  It is unclear if defendant is talking about his trial in 1998 or one of his prior trials in Illinois.  Absent evidence supporting defendant's contention, there is no basis for reversal.

Defendant further asserts, as he did in the trial court, that his constitutional rights were violated in Illinois when he entered his guilty pleas on the strike priors in 1986 and 1987.  As the trial court aptly noted, defendant fails to identify any legal authority for a California court to vacate a conviction in Illinois.

## DISPOSITION

The trial court's order denying defendant's motion to modify his sentence is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____
LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

2