Filed 1/29/21  P. v. Rodriguez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VIDAL RODRIGUEZ,<br><br>    Defendant and Appellant. | B305739<br><br>(Los Angeles County<br>Super. Ct. No. BA024452) |

    THE COURT:

    On August 12, 1991, a jury found Vidal Rodriguez (Rodriguez) and codefendant Adam Riojas (Riojas)[1] guilty of murder in the second degree.  (Pen. Code, § 187, subd. (a).)[2]  The trial court sentenced Riojas to a term of 17 years to life in state prison and Rodriguez to a term of 15 years to life in state prison.

---

[1]    Riojas is not a party to this appeal.

[2]    All further statutory references are to the Penal Code unless otherwise indicated.

The Court of Appeal affirmed Rodriguez's conviction in *People v. Riojas* (July 13, 1993, B063404) [nonpub. opn.].

On February 21, 2019, Rodriguez filed a petition for resentencing under section 1170.95.[3] On February 3, 2020, the trial court issued a written decision denying Rodriguez's petition based on its conclusion that he was ineligible for relief. The trial court offered the following explanation: "[Rodriguez] was convicted of murder, but the record of conviction reflects that the

---

[3] Senate Bill No. 1437 (2017-2018 Reg. Sess.), which went into effect on January 1, 2019 (see Stats. 2018, ch. 1015, § 4), added section 1170.95 and amended sections 188 and 189. "As amended, section 188 limits a finding of malice: 'Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).) As added by Senate Bill [No.] 1437, subdivision (c) of section 189 reads: 'A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) . . . in which a death occurs is liable for murder only if one of the following is proven: [¶] '(1) The person was the actual killer. [¶] '(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] '(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life[.]" (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 928 (*Ramirez*).) Section 1170.95 permits a defendant to file a petition with the court that sentenced the defendant for resentencing if he was convicted under a theory of felony murder or murder under the natural and probable consequences doctrine, and if he could not have been convicted under the changes to sections 188 and 189 made effective January 1, 2019. (*Ramirez, supra*, 41 Cal.App.5th at p. 929.)

petitioner was not convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences. The record of conviction in this case established that [Rodriguez] was a direct aider and abettor to the murder charged in this case."

On March 30, 2020, Rodriguez filed an appeal challenging the denial of his section 1170.95 petition.

## DISCUSSION

Appointed counsel filed a brief raising no issues for us to consider. Because this is an appeal from the denial of postconviction relief, we follow the procedures in *People v. Serrano* (2012) 211 Cal.App.4th 496. As established by *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted October 14, 2020, S264278, our sole task is to review the arguments in appellant's supplemental brief.

He argues that his section 1170.95 petition should have been granted because of two events that occurred during his trial in 1991: (1) the trial court erred by not instructing the jury on a natural and probable consequences theory of liability; and (2) the testimony of an identification witness for the state was discredited in its entirety because he lied about every person in a six-pack of photos also being present in a line-up. These arguments are not cognizable on appeal because they do not relate to the February 3, 2020, order denying appellant's petition to withdraw his sentence under Senate Bill No. 1393 (2017-2018 Reg. Sess.) and to suppress evidence. We conclude that appellant has not established grounds for reversal.

3

## DISPOSITION

The February 3, 2020, order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J          ASHMANN-GERST, J.          HOFFSTADT, J.