Filed 2/11/21  P. v. Ramirez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RANDALL RAMIREZ,<br><br>    Defendant and Appellant. | B304650<br><br>(Los Angeles County Super. Ct. No.  MA070378) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa Mangay Chung, Judge.  Dismissed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In December 2017, appellant Randall Ramirez was charged with three felony counts of conspiracy to commit a crime (Pen. Code, § 182, subd. (a)(1))[1], three felony counts of bringing contraband into jail (§ 4573, subd. (a)), three felony counts of bringing an illegal substance into jail (§ 4573.5), and two misdemeanor counts of possession with intent to deliver a cell phone to an inmate (§ 4576, subd. (a)).  The information alleged that the felony offenses were committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(A)), and further alleged that appellant suffered two prior strike convictions (§§ 667, subds. (b)-(j), 1170.12) and two five-year prison priors (§ 667, subd. (a)(1)).

Pursuant to a plea agreement, appellant pled no contest to one count of conspiracy (§ 182, subd. (a)(1)) and one count of bringing contraband into jail (§ 4573, subd. (a)).  He also admitted the gang enhancement, one prior strike, and one of the five-year prison priors.  The prosecution dismissed the remaining charges and allegations and did not seek restitution.  The parties agreed to an aggregate sentence of 15 years, calculated as follows. On the base count of conspiracy, appellant received a total of 13 years: the low term of two years, doubled to four years due to the admitted strike prior, plus the high term of four years on the gang enhancement, plus an additional five years for the admitted five-year prison prior.  On the contraband count, appellant received two years: one-third the midterm of three years (one year), doubled to two years due to the strike.  The court imposed the agreed-upon 15-year sentence in November 2018.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

On January 1, 2019, Senate Bill No. 1393 took effect, modifying sections 667 and 1385 to provide sentencing courts with discretion to strike or dismiss five-year prison priors. (See, e.g., *People v. Garcia* (2018) 28 Cal.App.5th 961, 971.) On March 25, 2019, appellant, in propria persona, filed a petition for resentencing under Senate Bill No. 1393. The court appointed counsel and held a hearing on appellant's petition on November 27, 2019. The court denied the petition. It found that appellant's sentence had been negotiated, appellant had received the benefit of the dismissal of "multiple other offenses" and allegations, and the balancing of societal, public safety, and appellant's interests weighed in favor of retaining the enhancement. Appellant timely appealed.

Appellant's appointed counsel filed a brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Under *Serrano*, when appointed counsel raises no issue in an appeal from a post-judgment proceeding following a first appeal as of right, an appellant court need not independently review the record and may dismiss the appeal if the appellant fails to file a supplemental brief. (*Id.* at pp. 498, 503.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. We have received no response. Because neither appellant nor his counsel has raised any claim of error, we dismiss the appeal as abandoned. (*Ibid.*)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


WILLHITE, ACTING P.J.


CURREY, J.