Filed 4/14/21  P. v. Cooks CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENDALL DESHAWN COOKS,<br><br>    Defendant and Appellant. | B307562<br><br>(Los Angeles County<br>Super. Ct. No. KA067037) |

THE COURT:

Defendant and appellant Kendall Deshawn Cooks (defendant) appeals from the denial of his motion to void his guilty plea and to transfer his case to juvenile court.  Appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People* v. *Serrano* (2012) 211 Cal.App.4th 496.

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not

required to conduct an independent review of the record for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano*, *supra*, 211 Cal.App.4th at p. 503.) If the defendant files his or her own supplemental brief or letter, however, we consider the contentions or arguments set forth therein. (*People v. Cole*, *supra*, at p. 1039.) On November 20, 2020, we notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating any grounds or argument he might wish to have considered. On January 22, 2021 defendant filed his own supplemental brief on appeal.

**2004 conviction**

In 2004, defendant entered into a plea bargain under which he pled guilty to one count of second-degree robbery and admitted a prior conviction alleged under the Three Strikes law, as well as one allegation that he personally discharged a firearm, alleged pursuant to Penal Code section 12022.53, subdivision (c),[1] and one prior serious felony conviction alleged pursuant to section 667, subdivision (a)(1). In exchange, the trial court sentenced him as agreed to a total prison term of 29 years and dismissed five felony counts and all remaining enhancement allegations.

**Defendant's motion**

In 2020, defendant filed a motion in the superior court to void his plea pursuant to section 1016.8[2] and to transfer his case

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     Section 1016.8 subdivision (b) provides: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions,

to juvenile court for a fitness hearing pursuant to California Rules of Court, rule 4.116.[3]  Defendant also challenged his 2004 conviction on the ground that his constitutional rights to equal protection and due process were violated by the use of a juvenile adjudication to double his sentence under the Three Strikes law. Exhibits attached to the motion included a copy of the reporter's transcript of defendant's change of plea and sentencing.

The superior court denied the motion on August 6, 2020, upon finding that in entering his plea, defendant did not waive any right to any benefit from any change of law.  The court also held that rule 4.116 of the California Rules of Court did not apply to defendant, because defendant, who was 17 years old at the time of his plea, was properly before the criminal court pursuant to the law in effect at the time of the plea.[4]  Finally, the court held that defendant could not contest the use of a prior conviction in sentencing him, because he did not raise the issue a direct appeal from the judgment.[5]

Defendant timely filed a notice of appeal from the court's order and requested a certificate of probable cause, which the court granted.

---

or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."

[3]     Rule 4.116 prescribes the procedure to determine whether certification to juvenile court is appropriate.

[4]     See *People v. Superior Court (K.L.)* (2019) 36 Cal.App.5th 529, 536-538 for a history of juvenile fitness law.

[5]     Cf. *In re Harris* (1993) 5 Cal.4th 813, 829.

**Defendant's supplemental brief**

In his supplemental brief, defendant has raised the identical issues which he raised in his motion in the superior court by attaching to a new cover page a copy of the memorandum of points and authorities filed in support of his motion below. Defendant seeks, in essence, a de novo review of his motion without setting forth any grounds or argument as to why he believes the order of the superior court was erroneous and should be reversed. Under such circumstances, we decline to conduct an independent review the record for arguable issues. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040.)

Thus, the order of the superior court denying defendant's motion to void his 2004 guilty plea is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____

LUI, P.J.    ASHMANN-GERST, J.  CHAVEZ, J.

4