Filed 12/28/21  P. v. Salcedo CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B312650 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA050808) |
| v. | |
| EUSEBIO GOMEZ SALCEDO, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of the County of Los Angeles, Hayden Zacky, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2005, a jury found defendant Eusebio Salcedo guilty of attempted murder in violation of Penal Code sections 664 and

187, subdivision (a);[1] assault with a firearm in violation of section 245, subdivision (a)(2); and shooting at an occupied vehicle in violation of section 246. The jury also found true the allegation that defendant personally inflicted great bodily injury on the victim within the meaning of section 12022.7, subdivision (a) and that defendant personally used, intentionally discharged, and caused great bodily injury with a handgun in violation of section 12022.53, subdivisions (b), (c), and (d).

On the attempted murder conviction, the trial court sentenced defendant to life, plus a consecutive term of 25 years to life for the section 12022.53, subdivision (d) enhancement and imposed but stayed the remaining enhancements. The court also imposed a $10,000 restitution fine pursuant to section 1202.4, subdivision (b), an additional $10,000 parole restitution fine pursuant to section 1202.45, which it stayed pending successful completion of parole, and a $20 court security fee pursuant to section 1465.8, subdivision (a)(1).

On September 13, 2006, a prior panel of this Division affirmed defendant's conviction in an unpublished opinion, but remanded the matter with instruction to amend the abstract of judgment. (*People v. Gomez* (Sep. 13, 2006, B187966) [nonpub. opn.].)

On April 9, 2021, defendant filed an ex parte motion to vacate his court security fees, conviction assessment, and restitution fines pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), arguing, among other things, that the trial court erred by imposing the fines, fees, and assessments without first holding an ability to pay hearing. That same day, the court issued a ruling without hearing denying the motion on

---

[1] All further statutory references are to the Penal Code.

the grounds that, to the extent the motion was based on *Dueñas*, it was inapplicable because defendant's case was final. The court also concluded that defendant had forfeited his challenge by failing to object to the fines and fees when they were imposed and on the additional ground that defendant would have the ability to earn wages in prison while serving his sentence from which he could pay the fines and fees. On May 17, 2021, defendant filed his notice of appeal.

We appointed counsel to represent defendant on appeal. On August 10, 2021, defendant's counsel filed an opening brief in which he did not identify any arguable issues and requested that we follow the procedure set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496, (*Serrano*).

Defendant has appealed from a nonappealable order. "Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. [Citations.] If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed. [Citations.]" (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*); see also, *People v. Jinkins* (2020) 58 Cal.App.5th 707, 712.)

Because the execution of defendant's sentence began well before he filed his postjudgment motion under *Dueñas, supra*, 30 Cal.App.5th 1157, the trial court had no jurisdiction to rule on it. Its order denying the motion was therefore nonappealable, and the appeal from that order must be dismissed. (See *Torres, supra*, 44 Cal.App.5th at p. 1083 [order denying postjudgment motion to modify restitution fine based on inability to pay nonappealable].)

3

The appeal is dismissed.

_____
RUBIN, P. J.            BAKER, J.            KIM, J.