Filed 3/9/22  P. v. Bryant CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B315034 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA016309) |
| v. | |
| ERIC BRYANT, | |
| Defendant and Appellant. | |

THE COURT:*

Defendant and appellant Eric Bryant appeals from the order denying his petition for vacatur and resentencing under Penal Code section 1170.95.[1]

In 1992 defendant and codefendant Michael Black were charged with two counts of willful, deliberate, premeditated attempted murder in violation of Penal Code sections 664 and 187, subdivision (a).  The information also alleged that in the

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

commission of both crimes a principal was armed with a firearm within the meaning of section 12022, subdivision (a)(1).  After a jury trial, defendant and Black were found guilty of both counts of attempted murder as charged.  The jury found true that a principal had been armed with a firearm.  The trial court sentenced defendant on each count to prison for life plus one year for the firearm enhancement and stayed the sentence on count 2.  The judgment was affirmed on appeal.  (See *People v. Black* (Nov. 3, 1993, B069290) [nonpub. opn.].)

The evidence at trial established that in December 1991, Isaiah Gupton and his passenger Antwone Sanford stopped at a gas station in Compton.  With Black in the passenger seat, defendant drove up beside Gupton and Sanford.  Black fired three shots at them with a .32-caliber revolver.  Gupton tried to drive away; but defendant drove in front of him, blocking his escape.  Black fired several more shots before both cars drove off in separate directions.  Sanford suffered gunshot wounds to the nose and cheek.  There were bullet holes in Sanford's headrest and in Gupton's windshield.  The police were notified.  Defendant's car was stopped, and within a half-hour Gupton identified Black, defendant, and defendant's car.  Defendant presented a defense of mistaken identity.

In January 2021 defendant filed, pro. per., a petition for resentencing pursuant to section 1170.95, alleging that he had been convicted of attempted murder under the felony-murder rule.  Defendant attached to his petition a copy of the preliminary hearing transcript from the record of his conviction and the affidavit of Black stating that at the time the crimes were committed defendant was unaware that Black was armed; did

2

not know that he was going to fire his weapon; and did not assist, encourage, or participate in the shooting.

The prosecutor filed a response to the petition urging denial on the grounds that defendant was ineligible for relief under section 1170.95 because his conviction was for attempted murder. Defendant, through by counsel, filed a reply including the information, the clerk's transcript, the reporter's transcript, and the appellate opinion affirming the judgment. The reply acknowledged that no instruction had been given regarding the felony-murder rule or the natural and probable consequences doctrine but argued that the policy underlying Senate Bill No. 1437 (2017-2018 Reg. Sess.) (which enacted § 1170.95) required that relief should be extended to those convicted of attempted murder. Defendant asked the trial court to review the documents provided to determine his eligibility for relief.

On August 31, 2021, at the prima facie eligibility hearing, both counsel submitted the issue on their papers without further argument. The trial court read and considered all the documents filed in support and opposition to the petition, as well as the trial transcripts, including the jury instructions and the prosecutor's closing arguments. The trial court denied defendant's petition, ruling that defendant was ineligible for relief under section 1170.95 because he had been convicted of attempted murder, not murder. The court also ruled that defendant was ineligible because the jury was not instructed with regard to the felony murder rule or the natural and probable consequences doctrine, and the only theory on which the prosecution relied was direct aiding and abetting with the intent to kill.[2]

---

[2] Effective January 1, 2022, section 1170.95, subdivision (a)(2) permits those convicted of not only murder, but also to

Defendant filed a timely notice of appeal from the order denying his petition. Appointed counsel found no arguable issues and requested this court to follow the procedures prescribed in *People v. Serrano* (2012) 211 Cal.App.4th 496. Under *Serrano*, where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review of the record for arguable issues. (See *id.* at p. 503.) However if defendant files his own supplemental brief or letter, the appellate court will review the contentions or arguments set forth therein. If defendant does not file a supplemental brief, the appeal will be dismissed as abandoned. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.) Defendant was notified of the court's policy and failed to file a supplemental brief.

The appeal is dismissed.

---

\*      LUI, P. J.              CHAVEZ, J.              HOFFSTADT, J.

---

those convicted of attempted murder under the natural and probable consequences doctrine to petition for relief. However, where no instructions were given at trial on attempted murder under the natural and probable consequences doctrine, the petitioner remains ineligible for relief as a matter of law. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

4