Filed 5/20/22  P. v. Durham CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANDRE DISHAUN DURHAM, <br><br> Defendant and Appellant. | B317085 <br><br> (Los Angeles County Super. Ct. No. 1PH06516) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert M. Kawahara, Temporary Judge. Dismissed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Andre Dishaun Durham appeals from an order revoking his parole. His appointed appellate counsel filed a brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) and defendant filed no supplemental brief. We dismiss the appeal.

## BACKGROUND

On October 6, 2015, the trial court sentenced defendant to prison for two years for assault with intent to commit rape. On May 16, 2017, he was placed on parole. Conditions of parole included that defendant not travel more than 50 miles from his residence without prior approval, not leave the state of California without prior approval, and participate in continuous electronic monitoring with a GPS (global positioning system) device. On October 29, 2021, the Department of Corrections and Rehabilitation Division of Adult Parole Operations (the Division) filed a petition to revoke defendant's parole.

According to the petition, defendant absconded from parole, traveled outside the 50-mile permissible radius, and disabled his GPS tracking device. The Division recommended that the court return defendant to custody for 180 days.

At a hearing to assess probable cause for parole revocation, defendant stipulated that there was probable cause to believe he violated the terms and conditions of parole. At the formal revocation hearing, the parties stipulated to the allegations in the parole violation report as evidence. That report included the following: On September 29, 2021, the agent monitoring defendant received an alert indicating he traveled outside of California. The agent located defendant in Arizona. Defendant's GPS device subsequently died, and the agent was no longer able

2

to track him.  On September 29, 2021, the GPS device "was in a dead battery status."

Defendant testified in his defense.  Defendant admitted that he was in Columbus, Ohio, as well as in Arizona and Texas. Defendant testified he tried to charge his GPS on the bus when he was traveling.

The trial court found true the allegations that defendant violated his parole.  The court revoked and reinstated parole with the condition that defendant serve 180 days in county jail. Defendant appeals from that order.

## DISCUSSION

When a defendant's appointed counsel files a brief raising no issues in an appeal of a denial of postconviction relief, we follow the procedures set forth in *Serrano*, *supra*, 211 Cal.App.4th 496.  We are not obligated to review the record independently to determine whether there are any arguable issues on appeal.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278.)  The defendant has a right, however, to file a supplemental brief.  (*Ibid.*)  If, as in this case, the defendant does not file a supplemental brief, we may dismiss the appeal as abandoned.  (*Id.* at pp. 1039–1040, review granted.)

If the appeal were not abandoned, we would affirm the parole revocation and commitment order.  Substantial evidence supported the order because defendant admitted to violating his parole by traveling outside the state of California without permission.  That admission along with the stipulated evidence in the parole violation report supports the conclusion defendant willfully violated his conditions of parole.  (See *People v. Galvan*

3

(2007) 155 Cal.App.4th 978, 982 [violation of probation must be willful].)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.