Filed 6/10/16  P. v. Martinez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H043122 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. Nos. SS112248, SS120012 & SSC110191) |
| v. | |
| ALEX SANDOVAL MARTINEZ, | |
| Defendant and Appellant. | |

In 2012, appellant was sentenced to 10 years 8 months in state prison after he plead guilty to first degree burglary with a gang enhancement (Pen. Code, §§ 186.22, subd. (b)(1)(B), 459), second degree robbery with an enhancement for committing the felony while on bail or on his own recognizance on a felony, (Pen. Code, §§ 211, 12022.1), and of evading a peace officer.  (Veh. Code, § 2800.2, subd. (a).)

On September 14, 2015, appellant filed a motion for modification of his sentence.  Specifically, he sought to reduce the restitution fine, though he included in the amount the victim restitution.  He argued the motion could be brought at any time because the order was unauthorized, and the order was unauthorized because he lacked the ability to pay. He sought to reduce the total amount to $200.  The court denied relief on November 4, 2015.  Appellant filed a timely notice of appeal on December 23, 2015.

On appeal, we appointed counsel to represent appellant in this court.  Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496

(*Serrano*), which states the case and the facts but raises no specific issues.  Pursuant to *Serrano,* on February 19, 2016, we notified appellant of his right to submit written argument in his own behalf within 30 days.  On February 19, 2016, we received a supplemental brief from appellant.  In his supplemental brief, appellant contends that the court abused its discretion in imposing a restitution fine because there was insufficient evidence of his ability to pay and that this sentencing error constitutes an unauthorized sentence.  Appellant further contends that the court's refusal to remedy the error is a violation of his due process rights.  The trial court ordered appellant to pay a restitution fine of $240 pursuant to Penal Code section 1202.4, subdivision (b), and victim restitution in the amount of $8,700 pursuant to Penal Code section 1202.4, subdivision (f).[1]  The court was not authorized to consider the appellant's ability to pay

---

[1]  Penal Code section 1202.4, states in relevant part, "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record.  [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) . . . .  [¶] (2) In setting a felony restitution fine, the court *may* determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted.

"(c) The court *shall* impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. A defendant's *inability to pay **shall not be considered** a compelling and extraordinary reason not to impose a restitution fine. Inability to pay **may be considered only in increasing the amount** of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b). . . .*

[¶] . . . [¶]

"(f) Except as provided in subdivisions (q) and (r), in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . .

[¶] . . . [¶]

because it ordered appellant to pay only the minimum restitution fine amount authorized by statute.  (Pen Code § 1202.4, subd. (c).)  Further, in awarding victim restitution pursuant to Penal Code section 1202.4, subdivision (f), the court did not have the discretion to consider appellant's ability to pay.  (Pen Code § 1202.4, subd. (g).)  The fines imposed comport with the statutory scheme, so the sentence was not unauthorized.  Therefore, the court did not abuse its discretion in denying the motion for modification of sentence.  As nothing in appellant's supplemental brief raises an arguable issue on appeal, we must dismiss the appeal.  (*Serrano, supra,* 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

---

"(g) The court *shall* order full restitution unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. *A defendant's inability to pay* **shall not be considered** *a compelling and extraordinary* reason not to impose a restitution order, ***nor shall*** *inability to pay be a consideration in determining the amount* of a restitution order."  (Emphasis added.)

3

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.