Filed 1/4/21  P. v. Hunt CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B302851 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A614247) |
| v. | |
| PAUL LEE HUNT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Affirmed.

_____

Paul Lee Hunt, in pro. per.; and Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On August 29, 2019, defendant and appellant Paul Lee Hunt filed a petition under Penal Code[1] section 1170.95 for resentencing on his murder conviction. Section 1170.95 establishes a procedure for defendants who could no longer be convicted of murder because of changes enacted as part of Senate Bill No. 1437 (2017–2018 Reg. Sess.) to vacate their murder convictions. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.) Senate Bill No. 1437 abolished the natural and probable consequences doctrine in cases of murder, and limited the application of the felony murder doctrine. (See *People v. Gentile* (Dec. 17, 2020, S256698) ___ Cal.5th ___ [2020 WL 7393491].) In particular, the new law allows convictions for felony murder only if the defendant was the actual killer, acted with the intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. (See § 189, subd. (e).)

The trial court summarily denied Hunt's petition, finding as a matter of law that Hunt was not entitled to relief. Hunt filed a notice of appeal, and we appointed counsel to represent him. His attorney filed a brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 raising no issues.

When an attorney in an appeal of the denial of a petition under section 1170.95 files a brief of this kind, we are not obligated to search the record independently for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278.) The defendant, however, has the right to file a supplemental brief, and if so, we must "evaluate

---

[1] Subsequent unspecified statutory references are to the Penal Code.

any arguments presented in that brief and . . . issue a written opinion that disposes of the trial court's order on the merits." (*Ibid.*)

On August 11, 2020, we sent a letter to Hunt informing him that he could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that he wished this court to consider.

On October 26, 2020, Hunt filed a supplemental brief arguing that his attorney's conduct denied him adequate representation and the right to appeal. Hunt also alleged that the trial court's order was contrary to the law and not supported by the evidence. In addition, Hunt challenged the eyewitness testimony against him and requested a full evidentiary hearing.

We find no merit in Hunt's claims. If a defendant fails to make a prima facie case that he falls within the provisions of section 1170.95, the trial court should summarily deny the petition without appointing counsel. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted Mar. 18, 2020, S260598 (*Lewis*); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-332, review granted Mar. 18, 2020, S260493 (*Verdugo*).) In determining whether a defendant has made a prima facie case, "[t]he court's role . . . is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Verdugo*, *supra*, at p. 329.) The court may consider the record of conviction, including any prior appellate opinion in the case. (*Lewis*, *supra*, at pp. 1137–1138.)

In our nonpublished opinion in Hunt's direct appeal, *People v. Hunt* (June 26, 1980, 34728), we described how Hunt and an unidentified second suspect robbed and killed a victim at a car

3

wash on May 16, 1978: "The suspect approached the car and said to the driver (Holt): 'Give me the keys.' The suspect wore a net over his face and pointed a gun at Holt. The suspect then went to the 'next' car (owned by Sexton, the victim) and held the gun on a female (a Ms. Carter, Sexton's girlfriend), who was vacuuming the car. He asked her for the keys, reached toward the ignition, did not find keys, held the gun to her chest, and dragged her to the back of the car where Sexton was standing.

"This suspect then asked Sexton for the keys. Sexton gave him the keys and said: 'Please don't do this.' The suspect then fired two gunshots at Sexton, and ran away. The gunshots caused Sexton to fall into the trunk. Defendant came to the trunk, raised Sexton, fired two gunshots at Sexton, and ran away."

The record of conviction shows that the jury convicted Hunt of one count of first degree murder and also found true a special circumstance. Under the law in effect at the time of the murder, a special circumstance applied only if the defendant acted with the intent to kill the victim. (See former § 190.2, Stats. 1977, ch. 316, § 9, pp. 1257–1258; *People v. Frierson* (1979) 25 Cal.3d 142, 175.) This is consistent with the account of Hunt's actions in our prior opinion, in which we stated that Hunt shot the victim twice at close range. Because Hunt acted with the intent to kill, his conduct is still defined as murder under the newly amended law. (See §§ 188, subd. (a), 189, subd. (e).) Thus, he is ineligible as a matter of law for resentencing under section 1170.95, and the trial court did not err by summarily denying his petition. (See *Lewis*, *supra*, 43 Cal.App.5th at pp. 1139–1140, review granted Mar. 18, 2020, S260598.) Nor did his attorney render ineffective assistance either before the trial court or in this

appeal.  (See *People v. Cunningham* (2001) 25 Cal.4th 926, 1003 [ineffective assistance of counsel claim requires reasonable probability that defendant would have obtained a better outcome if not for errors of counsel].)

In his supplemental brief, Hunt also challenged the validity of the eyewitness testimony against him.  But "[t]he purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved."  (*People v. Allison* (2020) 55 Cal.App.5th 449, 461.)  The propriety of the procedure by which witnesses identified Hunt was litigated in Hunt's original appeal.  (See *People v. Hunt, supra*, No. 34728.)  Hunt alleges that "[t]his may be an issue for [h]abeas corpus."  Nothing in this opinion prejudices Hunt from filing a habeas petition.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


FEDERMAN, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.