Filed 1/21/21  P. v. Flynn CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> TYRONE CURTIS FLYNN, <br><br> Defendant and Appellant. | B305706 <br><br> Los Angeles County <br> Super. Ct. No. BA365181 |

APPEAL from an order of the Superior Court of Los Angeles County, David R. Fields, Judge. Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2011, defendant and appellant Tyrone Flynn pled no contest to attempted murder (Pen. Code,[1] §§ 664/187, subd. (a)) and admitted he inflicted great bodily injury in the commission of the offense (§ 12022.7, subd. (a)). He also admitted he sustained a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike conviction (§§ 667.5, subd. (b), 1170.12). The trial court sentenced him to 18 years in state prison, consisting of a low term of five years, doubled to ten years for the prior strike, plus a five-year prior serious felony enhancement and a three-year great bodily injury enhancement.

In 2019, Flynn filed a motion to recall his sentence under section 1170, subdivision (d)(1).[2] In his motion, he asked the court

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     Section 1170, subdivision (d)(1) provides: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under

to utilize newly-enacted sentencing laws to strike his five-year prior serious felony enhancement. The court summarily denied the motion.

Flynn filed a timely notice of appeal, and we appointed counsel to represent him. On July 21, 2020, appellate counsel filed a brief raising no issues and requesting that this court follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. We informed Flynn that he could personally submit any contentions or issues for us to consider, and he filed a supplemental brief on July 10, 2020.

In his supplemental brief, Flynn argues he was denied due process and effective assistance of counsel when his attorney filed a brief in this court raising no issues. We reject these contentions.

Effective January 1, 2019, Senate Bill No. 1393 amended Penal Code sections 667 and 1385 to give trial courts the discretion to dismiss, in the interest of justice, five-year prior serious felony enhancements under section 667, subdivision (a)(1). (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971 (*Garcia*).) Prior to this change in the law, courts were required to impose

---

this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Credit shall be given for time served."

3

five-year prior serious felony enhancements. Although Senate Bill 1393 would have applied retroactively to Flynn if his direct appeal had not yet been final when the new law took effect (see *Garcia, supra,* 28 Cal.App.5th at p. 973), Flynn has not satisfied his burden of showing his judgment was not final when the new law took effect. The trial court accepted Flynn's guilty plea in 2011. Our records do not indicate Flynn ever appealed from that judgment. The judgment became final after 60 days passed from the rendition of judgment without Flynn filing a notice of appeal. (See Cal. Rules of Court, rule 8.308(a).) Because Flynn's judgment became final in 2011, Senate Bill 1393, which went into effect January 1, 2019, does not apply retroactively to him. The trial court was therefore correct in denying his motion, and he was not denied effective assistance of counsel or due process when his attorney filed a brief raising no issues.

## DISPOSITION

The order denying Flynn's motion to recall his sentence is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.

We concur:



WILLHITE, Acting P.J.



COLLINS, J.