Filed 5/17/21  P. v. Laws CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BRIAN KEITH LAWS,<br><br>　　　Defendant and Appellant. | B307911<br>(Los Angeles County<br>　Super. Ct. No. KA008785) |

APPEAL from an order of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Brian Keith Laws appeals from a summary denial of his second postjudgment petition seeking vacation of his murder conviction and resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (2017-2018 Reg. Sess.; SB 1437). Laws contends the trial court erred in determining he was ineligible for resentencing. Finding no error, we affirm.

## BACKGROUND AND DISCUSSION

This is the third time we have considered this case. Our summary of the relevant factual and procedural history is drawn from our 1994 opinion affirming Laws' conviction and our April 2020 opinion affirming the trial court's denial of Laws' previous section 1170.95 petition (identified below). In 1993, a jury convicted Laws of one count each of first-degree murder (§ 187, subd. (a)) and robbery (§ 211) and found true special circumstances and firearm allegations (§§ 190.2, subd. (a)(17)), 12022.5, subd. (a), 1203.06, subd. (a)(1)). Laws was sentenced to life in prison without possibility of parole on the murder conviction, plus four years for the firearm enhancement. Sentencing was stayed as to the robbery conviction, and the firearm enhancement was stricken for purposes of sentencing. We affirmed the judgment in Laws' direct appeal from the judgment. (*People v. Laws* (June 30, 1994, B075311 [nonpub. opn.] (*Laws I*).)

In 2019, Laws filed a petition for resentencing under section 1170.95 and then newly enacted SB 1437, which provides that persons

---

[1] Statutory references are to the Penal Code.

convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could no longer be convicted of murder following the enactment of SB 1437 may petition the sentencing court to vacate the conviction and resentence on any remaining counts. (Stats. 2018, ch. 1015, § 1, subd. (f).) By that petition, Laws claimed he could not now be convicted of first or second degree murder due to changes in sections 188 and 189 because, among other things, he was not the actual killer. The trial court summarily denied the petition on the ground that Laws "'[was] not entitled to relief as a matter of law,' because he '. . . was the actual killer and was not convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences.'" (See *People v. Laws* (April 22, 2020, B296014 [nonpub. opn.]) at p. 4 (*Laws II*).) For reasons explained in *Laws II*, we affirmed the trial court's summary denial.

On May 6, 2020 (after we issued our decision *in Laws II*, but prior to issuance of the remittitur in July 2020), Laws filed another petition for a writ of mandate regarding the trial court's failure to address a section 1170.95 petition purportedly filed in March 2020 seeking to vacate his murder conviction. The instant appeal follows the trial court's summary denial of Laws' second 1170.95 petition on the ground that, "[t]here [was] no substantial right [Laws was] attempting to enforce. These issues were addressed by the court of appeals in [*Laws II*]."

We appointed appellate counsel for Laws. Citing *People v. Serrano* (2012) 211 Cal.App.4th 496, counsel filed an opening brief

setting out the pertinent procedural history, and a declaration indicating counsel had "reviewed the entire record," and found no "arguable issues to raise on appeal." Counsel stated he had explained his evaluation to Laws and informed him of his right to file a supplemental brief. On February 9, 2021, we advised Laws he had 30 days to file a supplemental brief.

On February 19, 2021, Laws filed a nine-page letter (supplemental brief), which we have read and considered.

Pursuant to *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278, our obligation in reviewing an appeal from an order denying postconviction relief is to "evaluate [the] arguments presented" in the appellant's supplemental brief. (*Id.* at p. 1040.)

Laws' supplemental brief contains no substantive arguments to support his claim that he "should be eligible for [relief under] SB 1437." Instead, he argues he was wrongfully convicted based on the trial court's improper admission of hearsay evidence, ineffective assistance of trial counsel, unlawful admission of his confession obtained in violation of *Miranda* (*Miranda v. Arizona* (1966) 384 U.S. 436), and his innocence of the charged crimes. Laws' supplemental brief addresses issues not addressed in the order from which he appeals and does not address the basis for his claim that he is entitled to relief under section 1170.95. Rather, his arguments were previously considered and rejected in our opinions in *Laws I* and *Laws II*. Accordingly, there are no grounds upon which to disturb the trial court's denial of section 1170.95 relief.

4

**DISPOSITION**

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.