Filed 6/2/21  P. v. Sigmon CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARRYL SIGMON,<br><br>    Defendant and Appellant. | B309691<br><br>(Los Angeles County<br>Super. Ct. No. BA233386) |

THE COURT:

On June 30, 2002, defendant and appellant Darryl Sigmon (defendant) and an accomplice dragged a pedestrian to the side of a building repeatedly demanding his money and threatening to kill him.  Defendant was soon arrested and later convicted of robbery with true findings that he had suffered three prior serious felony convictions within the meaning of the "Three Strikes" law (Pen. Code, §§ 1170.12,[1] subds. (a)-(d), 667, subds. (b)-(i)) as well as a prior serious felony conviction within the meaning of section 667, subdivision (a)(1).  The trial court sentenced defendant as a third strike

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

offender to 25 years to life in prison, with a five-year enhancement. The judgment was affirmed on direct appeal. (See *People v. Sigmon* (Nov. 25, 2003, B162324) [nonpub.opn.].)

In 2013 following the passage of Proposition 36, defendant filed a petition for habeas corpus seeking resentencing pursuant to section 1170.126. The trial court denied the petition with prejudice because defendant's current offense was a serious felony and thus defendant was ineligible for resentencing. In 2014, defendant filed another habeas corpus petition based upon *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*), which barred the use of certain prior convictions sustained in a single prosecution as strikes. The trial court denied the petition upon finding that the rule in *Vargas* did not apply retroactively to defendant. In February 2015, defendant filed a petition in this court raising the same issue which was summarily denied. (See *In re Sigmon* (Feb. 17, 2015, B261859).)

In September 2020, defendant filed the current petition to recall his sentence under Proposition 36, again based on *Vargas*, *supra*, 59 Cal.4th 635, arguing that he was eligible for resentencing (under § 1170.18, Proposition 47), because robbery was not a "super strike." On October 26, 2020, the trial court denied the petition and issued a memorandum of decision explaining the ruling.

Defendant filed a timely notice of appeal from the order.

Appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. Where appointed counsel in an appeal seeking postjudgment relief finds no arguable issues, the appellate court is not required to conduct an independent review. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano*, *supra*, at

p. 503.)  However we do review any contentions or arguments made if the defendant files his or her own supplemental brief or letter.  (*People v. Cole*, *supra*, at p. 1039.)

On March 2, 2021, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter setting forth any grounds for appeal, contentions, or arguments he might wish to have considered.  That time has elapsed, and no such brief or letter has been filed.

Because neither defendant nor appellate counsel identified an issue warranting reversal, we dismiss the appeal as abandoned.  (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1135, review granted Mar. 17, 2021, S266853; but see *People v. Gallo* (2020) 57 Cal.App.5th 594, 598 [independent review the entire record is discretionary]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [same]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same].)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

ASHMANN-GERST, Acting, P. J.        CHAVEZ, J.        HOFFSTADT, J.

3