Filed 7/30/21  P. v. Neal CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B310801 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA267060) |
| v. | |
| JULIUS LAMAR NEAL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Appeal dismissed.

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Julius Lamar Neal appeals from an order denying his petition for resentencing under Penal Code[1] section 1170, subdivision (d)(1).  His court-appointed counsel filed a brief raising no issues pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Neal did not file a supplemental brief.  We therefore dismiss the appeal.

## I.

In 2008, a jury convicted appellant of two counts of first degree murder (§ 187, subd. (a)), four counts of attempted murder (§§ 187, subd. (a), 664), and one count of assault with a deadly weapon (§ 245, subd. (a)(2)).  The jury also found true certain firearm enhancement allegations (§ 12022.53, subds. (b), (c) & (d)), as well as a multiple murder special circumstance allegation (§ 190.2, subd. (a)(3)).  The court sentenced appellant to two consecutive terms of life in prison without the possibility of parole on the murder convictions, seven years on the assault conviction (including a firearm enhancement), seven years to life plus 20 years for two of the attempted murder convictions, and seven years to life plus 25 years to life for the other two attempted murder convictions.  In 2009, we affirmed the convictions and sentence in an unpublished opinion.  (*People v. Neal* (Apr. 23, 2009, B208022).)

In January 2021, appellant filed a petition in the superior court for resentencing.  He relied on section 1170,

---

[1] Subsequent unspecified statutory references are to the Penal Code.

subdivision (d)(1)[2] and the Los Angeles County District Attorney's Special Directive 20-08 (2020).[3]

On January 25, 2021, the court denied appellant's petition, stating that relief is not available under section 1170, subdivision (d)(1), and the court "is not bound by" the district attorney's "new 'policy directives.'"

---

[2] Section 1170, subdivision (d)(1) provides in relevant part: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

[3] In Special Directive 20-08, the Los Angeles County District Attorney directed his deputies not to include sentence enhancement allegations in charging documents and to withdraw such allegations in pending cases. (L.A. County District Attorney Gascon, Special Directive 20-08 (Dec. 7, 2020) https://da.lacounty.gov/sites/default/files/pdf/SPECIAL-DIRECTIVE-20-08.pdf [as of July 30, 2021], p. 1 (Special Directive 20-08).) The special directive further provides that, pursuant to section 1170, subdivision (d)(1), defendants sentenced within 120 days of December 8, 2020 shall be eligible for resentencing. (Special Directive 20-08, *supra*, p. 2.) The special directive does not address situations where a defendant was sentenced more than 120 days before the change in policy.

Appellant filed a timely notice of appeal and we appointed counsel for him.

## II.

After reviewing the record, appellant's counsel was unable to find any arguable issue to raise on appeal. Prior to June 9, 2021, counsel sent a copy of the appellate record to appellant and informed him that he intended to file a brief that does not identify any arguable issues pursuant to *Serrano*, *supra*, 211 Cal.App.4th 496. Counsel also advised appellant that appellant can file a supplemental brief with this court and "warned him that his appeal could be dismissed."

This court also informed appellant by letter dated June 8, 2021, that he may submit, within 30 days of that date, a supplemental brief or letter stating any grounds for an appeal, or any contentions or arguments that he wishes this court to consider.

Appellant did not file a supplemental brief or letter.

## III.

When, as here, an appeal is other than a direct appeal from the appellant's conviction, counsel who finds no arguable issue is required to "file a brief with the Court of Appeal setting forth (1) a brief statement of the pertinent procedural history of the case, (2) a brief summary of the pertinent facts, (3) counsel's declaration that there are no reasonably arguable issues to present on appeal, and (4) counsel's affirmation that he or she remains ready to brief any issues at the request of the Court of Appeal." (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1038 (*Cole*), review granted Oct. 14, 2020, S264278.) In this case, counsel fulfilled these requirements.

If an appellant in this situation "files a supplemental brief, we would treat the case as contested and adjudicate it by opinion." (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted Mar. 17, 2021, S266853.) If, however, the appellant is given the

opportunity to file a supplemental brief and does not do so, the Court of Appeal may dismiss the appeal as abandoned. (*Cole*, *supra*, 52 Cal.App.5th at p. 1039, review granted; accord, *People v. Figueras* (2021) 61 Cal.App.5th 108, 112−113, review granted, May 12, 2021 (S267870); see also *Serrano*, *supra*, 211 Cal.App.4th at p. 503.) "This is because the order appealed from is presumed to be correct [citation], and in the absence of any arguments to the contrary, ineluctably leads to the conclusion that the appellant has not carried his or her burden of proving otherwise." (*Cole*, *supra*, 52 Cal.App.5th at pp. 1039–1040, review granted.)[4]

Because appellant did not file a supplemental brief after being given the opportunity to do so, we deem the appeal abandoned and, therefore, dismiss the appeal. (See *Cole*, *supra*, 52 Cal.App.5th at p. 1040, review granted; *Serrano*, *supra*, 211 Cal.App.4th at pp. 503−504.)

---

[4] Our Supreme Court has granted review in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], petition for review granted February 17, 2021, S266305, to decide what procedures appointed counsel and the Courts of Appeal must follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit and whether defendants are entitled to notice of these procedures. (Supreme Ct. Minutes, Feb. 17, 2021, p. 200.)

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:




        CHANEY, J.




        CRANDALL, J.*


* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.