Filed 8/25/21  P. v. Moon CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ADRIAN D. MOON,<br><br>     Defendant and Appellant. | B306195<br>(Los Angeles County<br> Super. Ct. Nos. 9PR07719,<br> BA332095, BA362256) |

APPEAL from post-judgment orders of the Superior Court of Los Angeles County, Eleanor Hunter, Judge.  Affirmed.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Adrian D. Moon appeals from multiple trial court orders entered between April 27 and September 9, 2020, including a July 27, 2020 order denying his petition for reduction of multiple felony convictions to misdemeanors (Pen. Code,[1] § 17, subd. (b)), and dismissal of felony convictions (§ 1203.4).[2]  Defendant makes no substantive argument that would support reversing any trial court order from which he appeals.  Accordingly, we affirm.

## BACKGROUND AND DISCUSSION

I. *Los Angeles Superior Court (LASC) Case Nos. BA332095 and 9PR07719*

In May 2010, in LASC case No. BA332095, defendant was found guilty of 38 felony counts, including 19 counts of attempting to file a false or forged instrument (§§ 664/115), six counts of attempted grand theft (§ 664/487), six counts of forgery (§ 470), three counts of preparing false documents (§ 134), and four counts of offering false evidence (§ 132).  Defendant was sentenced to 20 years in state prison.

---

[1]     Statutory references are to the Penal Code.

[2]     The orders from which defendant purports to appeal also include: (1) An April 27, 2020 order declining to file a peremptory challenge (§ 170.6) in a closed case; (2) July 13, 2020 orders denying an untimely request to disqualify a judge (§ 170.6), denying numerous requests for bench warrants, and denying defendant's request for a copy of a reporter's transcript at court expense; (3) August 24, 2020 orders granting motions to quash by various public officials and others, and declaring defendant a vexatious litigant; and (4) a September 9, 2020 order denying defendant's emergency request for an order directing the Los Angeles Police Department (LAPD) and Los Angeles Sheriff's Departments (LASD) to effectuate the arrest of private citizens.

In an unpublished opinion filed in December 2011, *People v. Moon* (Dec. 14, 2011, B227559 [nonpub. opn.]), Division Three vacated defendant's sentence on one forgery count, ordered his sentence stayed on five other counts (§ 654), and otherwise affirmed the convictions. (*Id.* at pp. 11–12.) Defendant was resentenced to 16 years, 8 months in state prison.

On January 19, 2018, defendant was released from prison and placed in post-release community supervision (PRCS), which was set to expire on February 20, 2022.[3]

---

[3] On October 30, 2019, defendant filed a motion seeking discharge from "AB 109 Probation." We understand the reference to "AB 109 probation" to refer to PRCS, as set forth in section 3451, enacted by Assembly Bill 109. (Stats. 2011, ch. 15, § 479.) Defendant's motion was assigned LASC case No. 9PR07719.

On March 13, 2020, the trial court (Judge Rosenberg) dismissed defendant's motion for discharge from AB 109, concluding defendant had "provided no legal or factual basis for the court to grant this request." Defendant did not appeal that decision.

On March 16, 2020, defendant filed an "ex parte application" seeking reconsideration of Judge Rosenberg's ruling on his motion for discharge from AB 109 probation. On March 24, 2020, the trial court concluded that defendant had failed to present "any new or different facts or circumstances to support his summary claim that the Court should reconsider any of its rulings at the March 13, 2020 hearing on his motions," and it denied the motion.

In mid-April 2020, appellant sought to file a peremptory challenge to Judge Rosenberg's successor, pursuant to Code of Civil Procedure section 170.6. On April 27, 2020, the trial court declined to file defendant's challenge, ruling that the case was closed.

On May 22, 2020, defendant filed a notice of appeal from the April 27, 2020 decision, which was assigned case No. B306195, in this court.

3

On July 15, 2020, defendant filed a first amended petition seeking to have his felony convictions reduced to misdemeanors (§ 17, subd. (b)) and expunged (§ 1203.4).[4] The district attorney opposed the request, arguing defendant was not statutorily eligible for expungement because he had neither started nor completed probation. Rather, defendant had been sentenced to prison and, in early June 2020, had completed PCRS, which is not probation within the meaning of section 1203.4. The district attorney also argued defendant was ineligible for relief under sections 1203.41 and 1203.42 because the charges of which he had been convicted were not within the scope of section 1170, subdivision (h).

Defendant's amended petition was denied on July 27, 2020.

On July 31, 2020, defendant filed a petition again seeking to have his felony convictions reduced to misdemeanors (§ 17, subd. (b)) and expunged (§ 1203.4).

On August 21, 2020, defendant filed a "Supplemental," seeking reconsideration of the court's order denying his petition for reduction and expungement. (§ 1385; Code Civ. Proc., § 1008.) This request was denied with prejudice on August 24, 2020.

On August 24, 2020, the trial court declared defendant a vexatious litigant. As such, defendant was barred from seeking or obtaining further subpoenas or conducting discovery on any third party absent prior court approval.

---

[4] The record does not contain a copy of defendant's initial petition, only the district attorney's "Opposition to Defendant's Petition to Expunge Conviction" (§§ 17, 1203.4, 1203.41, 1203.42 and 1203.43), filed on July 13, 2020.

On September 11, 2020, appellant filed a notice of appeal in case No. BA362256 from orders dated July 13 and 27, 2020, August 24, 2020, and September 9, 2020.[5]

II. *Los Angeles County Case No. BA362256*

On February 8, 2010, defendant was convicted of perjury (§ 118, subd. (a)), based on his submission of a fraudulent application for a driver's license in July 2007. Defendant was placed on probation on August 30, 2010. Probation was terminated on September 9, 2010, during defendant's sentencing hearing in case No. BA332095.

On June 8, 2020, appellant filed a petition for dismissal and expungement. (§§ 1203.3, 1203.41.) On July 27, 2020, the trial court found defendant statutorily ineligible for relief, declined to exercise its discretion under section 1385, and denied the petition.

On August 4, 2020, defendant again petitioned for dismissal. During a hearing on August 24, 2020, the court observed that defendant's petition had previously been heard and denied and denied the petition with prejudice.

On September 9, 2020, appellant filed a motion entitled, "Emergency Motion and Ex Parte Application" seeking orders for the LAPD and LASD to "Effectuate the Arrest of the Private Citizens Arrest." The motion was denied on September 9, 2020.

---

[5] This appeal was assigned case No. B307905.

On September 11, 2020, appellant filed a notice of appeal in case No. BA362256 from orders dated July 13 and 27, 2020, August 24, 2020, and September 9, 2020.[6]

We appointed appellate counsel for defendant. Citing *People v. Serrano* (2012) 211 Cal.App.4th 496, counsel filed an opening brief setting out the pertinent procedural history, and a declaration indicating he had "reviewed the entire record on appeal." Counsel stated he had explained his evaluation to defendant and informed him of his right to file a supplemental brief. On May 14, 2021, we advised defendant he had 30 days to file a supplemental brief.

On June 4, 2021, defendant filed a one-page supplemental brief, which we have read and considered. Pursuant to *People v. Cole* (2020) 52 Cal.App.5th 1023 [review granted Oct. 14, 2020, S264278], our obligation in reviewing an appeal from an order denying postconviction relief is to "evaluate [the] arguments presented" in the appellant's supplemental brief. (*Id.* at p. 1040.)

Defendant's supplemental brief contains no substantive argument. Rather, defendant styles his supplemental brief as an "Emergency Motion Under [Ninth] Circuit Rule 27-3," and he requests that this court stay the "briefing schedule until the Assignment of the New Appeals . . . and upon receipt of the Full Record on Appeal." Defendant's supplemental brief addresses an issue unrelated to and not

---

[6] On January 26, 2021, this court consolidated for all purposes defendant's three appeals, and ordered that all previously submitted documents be refiled under case No. B306195.

6

addressed in any order from which he has appealed. Accordingly, there are no grounds upon which to disturb any of the trial court orders.

## DISPOSITION

The trial court's orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.

7