Filed 10/3/22  P. v. Saavedra CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GILBERT SAAVEDRA,<br><br>    Defendant and Appellant. | B316047<br><br>Los Angeles County<br>Super. Ct. No. MA064806 |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge. Dismissed.

Richard V. Lennon and Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2016, defendant and appellant Gilbert Saavedra pled no contest to one count of mayhem. (Pen. Code,[1] § 203.) He admitted a prior strike allegation and a prior serious felony allegation. (§ 667, subd. (b)-(j); subd. (a).) The trial court sentenced him to a determinate term of 13 years in state prison, consisting of a middle term of 4 years, doubled based on the strike, plus 5 years for the serious felony. The trial court imposed the following fines and fees: a restitution fine of $3,900 (§ 1202.4, subd. (b)); a court security fee of $40 (§ 1465.8, subd. (a)(1)); and a facilities assessment of $30 (Govt. Code, § 70373, subd. (a)). Saavedra waived his presence at a hearing regarding direct restitution. At the hearing, the parties stipulated to restitution amounts of $8,829.90 to the victim's compensation board and $350 to Miguel Gay.

In 2021, Saavedra filed a "Motion to Stay [t]he Restitution Fine [a]nd Strike [t]he Fees [a]nd Assessments Until [t]he Prosecution Proves Defendant [h]as [t]he Ability [t]o Pay[.]" On October 18, 2021, the trial court denied the motion, concluding, among other things, that Saavedra had forfeited his argument by failing to object at sentencing or on direct appeal. Saavedra timely appealed.

Appellate counsel filed a brief identifying no issues and requesting that this court follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. The court notified Saavedra he had 30 days to file a supplemental brief. Saavedra did not file a supplemental brief. This court has no independent duty to review the record for reasonably arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted,

---

[1] All undesignated statutory references are to the Penal Code.

Oct. 14, 2020, No. S264278.) We therefore dismiss Saavedra's appeal as abandoned. (*Ibid*.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORT**

CURREY, J.

We concur:

MANELLA, P.J.

COLLINS, J.