Filed 1/4/23  P. v. Salazar CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>LUIS SALAZAR,<br><br>　　Defendant and Appellant. | B318556<br><br>Los Angeles County<br>Super. Ct. No. BA373747 |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge. Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2010, defendant and appellant Luis Salazar pled no contest to charges of robbery (Pen. Code, § 211) and possession of heroin. (Health & Saf. Code, § 11350, subd. (a).) He also admitted he sustained prior strike and serious felony convictions for robbery. (Pen. Code, §§ 667, 1170.12.) The trial court struck all but one prior strike. It sentenced Salazar to state prison for 2 years on the robbery charge, doubled to 4 years because of the remaining strike, with a consecutive sentence of 8 months on the possession charge, doubled to 16 months. It enhanced this sentence by 10 years for the prior serious felony convictions.

In 2015, Salazar's possession charge was reduced to a misdemeanor under Proposition 47 (Pen. Code, § 1170.18), and that sentence was converted to a one-year county jail sentence. In 2019, the court denied his Proposition 47 petition to reduce his robbery to a theft conviction.

Following the 2018 passage of Senate Bill 1393 (2017-2018 Reg. Sess.) which, for the first time, allowed trial courts to exercise discretion to strike enhancements for prior serious felony convictions, Salazar filed a petition for resentencing. The trial court summarily denied the petition, concluding Senate Bill No. 1393 was not retroactive and did not apply to Salazar's case because his judgment had become final.

In 2021, Salazar sought recall, citing Proposition 47, Senate Bill No. 1393, and Assembly Bill No. 1618 (2019-2020 Reg. Sess.), which, in the interest of public policy, voided plea bargain provisions that required defendants to generally waive future benefits of legislative enactments and other beneficial ameliorative changes in the law (see Pen. Code, § 1016.8). The trial court filed a written order denying Salazar's motion. The court reiterated that Proposition 47 did not apply to robbery and

2

Senate Bill No. 1393 did not apply to Salazar because his judgment had already become final. With respect to Assembly Bill No. 1618, the court rejected Salazar's argument that the new law vested the court with the authority to apply Senate Bill No. 1393 retroactively to Salazar's already final case. The court noted that it did not have jurisdiction to resentence Salazar. Salazar timely appealed.

Appellate counsel filed a brief identifying no issues and requesting that this court follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. The court notified Salazar he had 30 days to file a supplemental brief. Salazar did not file a supplemental brief. This court has no independent duty to review the record for reasonably arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted, Oct. 14, 2020, No. S264278.) We therefore dismiss Salazar's appeal as abandoned. (*Ibid.*)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

COLLINS, J.

4