Filed 1/18/23  P. v. Mason CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050072 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS033582A) |
| v. | |
| SHAVOUGUE ANTOINE MASON, | |
| Defendant and Appellant. | |

### THE COURT[1]

Defendant Shavougue Antoine Mason appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[2]  For the reasons set forth below, we affirm the order.

## I. BACKGROUND

In 2003, Mason drove under the influence of alcohol, crashed into another car, killing two people and their unborn child, and injuring another.  A jury convicted Mason of three counts of second degree murder (§ 187), two counts of gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)), two counts of vehicular manslaughter with gross negligence (§ 192, subd. (c)(1)), driving under the influence

---

[1] Before Greenwood, P. J., Danner, J. and Lie, J.

[2] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no changes to the text. (Stats. 2022, ch. 58, § 10.)

causing injury (Veh. Code, § 23153, subd. (a)), and driving with a blood alcohol level of .08 and above (Veh. Code, § 23153, subd. (b)). The jury also found true allegations that Mason caused great bodily injury. (§ 12022.7, subd. (a).) The court sentenced him to 45 years to life. In 2007, this court affirmed the judgment. (*People v. Mason* (Feb. 8, 2007, H028624) [nonpub. opn.].)

On December 31, 2018, Mason filed a petition for resentencing pursuant to former section 1170.95. The trial court denied the petition, and Mason appealed. Counsel for Mason filed a brief that raised no issues pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), and Mason filed a supplemental brief on his own behalf. This court determined that the arguments Mason presented in his supplemental brief did not raise arguable issues, and it dismissed the appeal.

On January 21, 2022, Mason filed a second resentencing petition under former section 1170.95, as amended by Senate Bill No. 775 (2020-2021 Reg. Sess.). The trial court denied the petition, and Mason filed a timely notice of appeal.

On appeal, this court appointed counsel to represent Mason, and counsel then filed an opening brief pursuant to *Serrano*. We notified Mason that he could file a supplemental brief on his own behalf, and that failure to do so would result in the dismissal of the appeal as abandoned. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.) Mason filed a timely supplemental brief.

## II. DISCUSSION

Mason contends that the trial court erred in denying his petition because, under the amendments effected by Senate Bill No. 775, malice can no longer be imputed. According to Mason, his convictions for second degree murder are no longer valid because malice was imputed to him under *People v. Watson* (1981) 30 Cal.3d 290, 294 [defendant aware of the hazards of driving while intoxicated, who while intoxicated drove recklessly causing death of another, could be found guilty of second degree murder based on a finding of implied malice].

2

Mason does not raise an arguable issue on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

In Mason's first resentencing petition, he raised the identical argument based on the changes in law effected by Senate Bill No. 1437 (2017-2018 Reg. Sess.). Senate Bill No. 1437, which became effective on January 1, 2019, "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) Senate Bill No. 1437 modified section 188, which defines malice, by adding language stating that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 2, 3.) Senate Bill No. 1437 also added former section 1170.95 to the Penal Code, which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.

This court rejected Mason's argument that malice could no longer be imputed after the amendments under Senate Bill No. 1437 took effect. We ruled that while the amended section 188, which defines malice, states that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime," this provision did not eliminate the concept of imputed or implied malice altogether. (*People v. Mason* (Apr. 24, 2020, H046362) [nonpub. opn.], at p. 4.) This court emphasized that the amendment of section 188 reflected the Legislature's intent that a person's culpability for murder be premised on that person's own actions and subjective mens rea. (*Ibid*.) Because Mason was convicted of second degree murder on an implied malice theory after he drove under the influence at an excessive speed and crashed, killing two people and their unborn child, this was not a case where malice was imputed to him based solely on his participation in the crime or on the action of confederates. (*Id.* at p. 5.) This court

3

concluded that because the finding of implied malice in Mason's case was based on his own actions and his subjective mental state, the amended language in section 188 did not apply to his conviction. (*Ibid*.)

Senate Bill No. 775, effective January 1, 2022, added language to former section 1170.95, subdivision (a) to allow a petitioner to apply for resentencing where a "complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine *or other theory under which malice is imputed to a person based solely on that person's participation in a crime*, or attempted murder under the natural and probable consequences doctrine." (Stats. 21, ch. 551, § 2, italics added; former § 1170.95, subd. (a)(1), now renumbered as § 1172.6, subd. (a)(1).) Mason argues that the italicized language means that "malice can no longer be imputed" and he is therefore eligible for resentencing because the prosecution is now required to prove express malice to support a second degree murder conviction.

The amendments enacted by Senate Bill No. 775 do not help Mason. Mason's argument fails under the new law for the same reason that it failed in his first appeal under the former version of section 1170.95. Section 1170.95, as amended by Senate Bill No. 775, did not eliminate implied malice as a basis for a murder conviction, such that, as he suggests, only express malice can support a second degree murder conviction.

Malice was not *imputed* to him based solely on his participation in a crime or the actions of confederates. Malice was *implied* because he drove while intoxicated resulting in the death of two people and an unborn child. (*Watson*, *supra*, 30 Cal.3d at p. 300.) Therefore, the trial court did not err in finding him ineligible for resentencing under former section 1170.95, as amended by Senate Bill No. 775.

Because Mason raises no arguable issue in his supplemental brief, we must affirm the post-conviction order. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

4

### III. DISPOSITION

The order denying the resentencing petition is affirmed.