Filed 6/30/23  P. v. Ochoa CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO OCHOA,<br><br>　　Defendant and Appellant. | H050143<br>(Santa Clara County<br>Super. Ct. No. CC818740) |

### THE COURT[1]

Defendant Armando Ochoa appeals from an order denying his petition for resentencing under former Penal Code section 1170.95.[2]  For the reasons set forth below, we affirm the order.

## I. PROCEDURAL BACKGROUND

Ochoa was convicted by jury in 2013 of two counts of second degree murder (§ 187) and one count of assault with a deadly weapon (§ 245, subd. (a)(1)).[3]  The jury also found true as to each murder count the allegation that Ochoa used a deadly weapon (automobile) in the commission of the offense.  (§ 12022, subd. (b)(1).)  As to the assault conviction, the jury found true the allegation that he inflicted great bodily injury.

---

[1] Before Grover, J., Greenwood, P.J., and Bromberg, J.

[2] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no changes to the text. (Stats. 2022, ch. 58, § 10.)

[3] We omit the facts of the offense as they are not relevant to the analysis and disposition of the appeal.

(§ 12022.7, subd. (c).)  The trial court sentenced Ochoa to a term of 30 years to life consecutive to a determinate term of 11 years.  This court affirmed Ochoa's conviction and sentence on direct appeal.  (*People v. Ochoa* (July 31, 2015, H039529) [nonpub. opn.].)

On May 21, 2019, Ochoa petitioned for resentencing under former section 1170.95.  Ochoa later filed a request to withdraw the petition, which the trial court granted on July 24, 2019.  Ochoa filed another petition for resentencing under former section 1170.95 on May 9, 2022.  The trial court granted the prosecution's request for judicial notice of records from his underlying case, including the abstract of judgment, the verdict forms, the jury instructions, and this court's unpublished opinion affirming the conviction and sentence.  Counsel for Ochoa did not file a responsive pleading, submitting the matter for decision on the initial petition and the record of conviction.

The trial court ruled that Ochoa was not entitled to relief as a matter of law, and it declined to issue an order to show cause.  The order denying relief pointed to the record on appeal, which showed that "[a]t trial, the prosecutor proceeded on two theories of malice aforethought, express malice and implied malice, with respect to the two murder charges," and that Ochoa, who testified at trial, relied on a defense of unconsciousness.  The court also stated that the jury instructions demonstrated Ochoa's ineligibility for resentencing because there was no instruction given on the natural and probable consequences doctrine.  The trial court concluded that the appellate record, together with the jury instructions, demonstrated Ochoa was not convicted under either felony murder or the natural and probable consequences doctrine, Ochoa was the actual killer, "and/or a jury necessarily found malice personal to [Ochoa]."

After a timely notice of appeal, counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Ochoa filed supplemental briefs on January 3, 2023, January 5, 2023, and February 16, 2023.

2

## II. DISCUSSION

In his supplemental briefs, Ochoa argues that: (1) this court should consider that at the time of his crime he was impaired by a neurological condition; (2) the trial court erred in refusing to instruct the jury on involuntary manslaughter as a lesser-included offense on the murder charges; and (3) his trial counsel was ineffective for failing to request an instruction on involuntary manslaughter. He does not raise an arguable issue in this appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended sections 188 and 189, which pertain to the definition of malice and the degrees of murder. (Stats. 2018, ch. 1015, §§ 2–3.) As amended, section 188 provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2; § 188, subd. (a)(3).) The changes to the law were enacted to "amend the felony murder rule and the natural and probable consequences doctrine, … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added former section 1170.95, "which permits a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.) "If the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to

show cause and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner." (*Id.* at p. 992.)

During its prima facie review, a trial court "may look at the record of conviction … to determine whether a petitioner has made a prima facie" showing. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) However, the prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Lewis, at p. 971.*) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) " '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*) Although the court may rely on the record of conviction (including any appellate opinion) in determining whether the petitioner has made a prima facie showing, " 'an appellate opinion might not supply all answers,' " and the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Ochoa does not dispute the trial court's conclusion that he was not entitled to resentencing relief under section 1172.6. Instead, the three arguments he makes all relate to the absence of an instruction on involuntary manslaughter at his trial. This court affirmed Ochoa's judgment of conviction in 2015, and the judgment is long final. Therefore, Ochoa's contentions of error regarding his mental condition at the time of the offense, the court's refusal to instruct on involuntary manslaughter, and ineffectiveness of trial counsel are not arguable issues in this appeal from the order denying his resentencing petition pursuant to section 1172.6. As Ochoa raises no arguable issue in

his supplemental briefs, we must affirm the order denying his section 1172.6 petition. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503–504.)

### III.  DISPOSITION

The order denying the resentencing petition is affirmed.